No. 19.—JOHN K. JONES, plaintiff in error, *vs.* GREEN B. SCOGGINS, defendant in error.

[1.] When a plaintiff in ejectment relies upon possession alone for a recovery, and the defendant shows possession in himself, *bona fide* acquired, he can defeat the plaintiff's recovery, by showing title in a third person, or by showing that the plaintiff has parted with his interest in the land, by transferring a bond which he holds for titles, to a third person. *Aliter*, if the defendant came into possession as a trespasser.

Ejectment, in Talbot Superior Court. Tried before Judge IVERSON, September Term, 1851.

This was an action of ejectment, brought by John K. Jones, against G. B. Scoggins, for one and one-fourth acres of land. The plaintiff relied upon a prior possessory title, and on the trial proved that he had been in possession for three years, of the premises in dispute, and that defendant obtained possession from one Hollis, who obtained possession by a forcible entry on the premises. The defendant sought to protect himself, by showing title in Hollis, his landlord. The Court charged the Jury, " that where a party in an action of ejectment, merely relies on possessory title, the defendant could defeat his right of recovery by showing title in some third person." To which charge Jones excepted.

John K. Jones held a bond of Mulford Jones to make titles, to one-half of lot No. 19, 17th district Talbot County, (the premises in dispute being a part of this lot) without specifying which half. This bond was in evidence, and on it was endorsed a transfer to Snow W. Boynton. The Court charged the Jury, " that if they believed the premises in dispute were included in the bond exhibited, that the plaintiff had transferred that bond to Boynton, then he had parted with all the right and title he had to the premises, and they must find for the defendant."

To which charge Jones excepted. Upon these exceptions error is assigned.

E. H. Worrill, for plaintiff in error.

L. B. Smith, for defendant in error.

*By the Court.*—Nisbet, J. delivering the opinion.

[1.] The evidence is not very fully set forth in the Reporter's brief, and for the sake of perspicuity, I state, that it does not appear from the evidence that the plaintiff ever bought the acre and a quarter of land in controversy ; on the contrary, it is in evidence, that the land at the time he bought the one-half of lot No. 91, was claimed by his brother, who sold this one-half to

Jones *vs.* Scoggins.

him, and that his brother put him in possession of this acre and a quarter, as a matter of accommodation. Thus acquiring possession, the plaintiff held it for three years, and removing into an adjoining County, locked the doors of the houses on the premises and left the keys with one Harris, a neighbor, with instructions to take care of the property. This is the plaintiff's case. Upon possession thus acquired, he relied for recovery. The defendant showed a title in one Hollis, by deed from the grantee of the land; also, the grant from the State to the original drawers of the lot, a part of which, is the small parcel of land in litigation. The defendant farther showed, that shortly after the plaintiff removed, Hollis put him in possession, as his tenant. But it appeared also, that this was done under the following circumstances. Hollis and the defendant, Scoggins, went upon the premises and tore down the houses, being forbid to do so by Harris, the plaintiff's agent, and immediately then and there, Hollis directed the defendant to take possession, which he did. Under this state of the facts, the Court ruled, that the defendant might defend by showing title in a third person; and to this charge, the plaintiff in error has excepted.

It is true, that the plaintiff in ejectment must recover upon the strength of his own title, and not upon the weakness of his adversary's, and hence it is a general rule, that the defendant may defeat his recovery, by showing an outstanding title in a third person. But if the plaintiff, as in this case, relies upon possession acquired *bona fide*, and nothing else, and the defendant is in possession as a trespasser, the defendant cannot rely upon that tortious possession, nor can he protect himself by showing a title in a third person. The law will not permit him to take any thing, or any account, by his trespass. Thus, I apprehend, is briefly stated the whole doctrine upon this subject. *Jackson ex dem. Duncan and others vs. Harden*, 4 *Johns. R.* 202. 6 *Wend.* 671. 7 *Cow.* 187. *Ib.* 643. 5 *Geo. R.* 39. 2 *Johns. R.* 22. 10 *Ib.* 337. The Court held, that the defendant in *this case*, might show title in a third person. The charge is to be taken in reference to the facts proven. If the defendant came into possession as a trespasser, the charge was erroneous, but

VOL XI 16

if he came in under Hollis, although without a paper title from Hollis, the charge was right. Once having shown his tenancy under Hollis, it was competent for him to defeat the plaintiff's recovery by showing Hollis' title. Now, as the evidence shows that Hollis did in fact put him in possession, we must infer that the Court meant to instruct the Jury, that the defendant being in possession by Hollis' authority, he might rely upon Hollis' outstanding title to defeat the plaintiff's right, by prior possession. The Court was not called upon to instruct the Jury particularly as to the rule, where the defendant is a trespasser. Whether he was or not, under all the circumstances of this case, having entered on the premises with Hollis, and aided in his taking possession by violence, or whether the plaintiff had abandoned the possession without a mind to return, are questions about which, no legal rule was laid down by the Court, and about which we have, therefore, no occasion to say anything farther.

The defendant also read in evidence, a bond for titles, from Milford Jones to the plaintiff, for one-half of lot No. 91, which did not express which half of that lot was to be conveyed. The plaintiff bought the *north* half of lot No. 91, as his vendor, the obligor in this bond, testified, and did not buy the *modicum* in controversy, that being part of the south half. Upon this bond was a transfer to one Boynton, by the obligee, the plaintiff in the action. In reference to this bond, the Court instructed the Jury, " that if they believed that the premises in dispute was embraced in it, and that the plaintiff had transferred it to Boynton, then he had parted with all his right to the land, and they should find for the defendant." This charge is excepted to. It is to be inferred from all the evidence, that this bond did not embrace the portion in litigation, but as it was itself silent as to which half of lot No. 91 it contemplated, and the plaintiff set up a claim to a part of one of the halves, to wit: the south half, and that part of the south half was also claimed by defendant, there was some vague ground to infer that the part in litigation was embraced. It was not, therefore, wholly a hypothetical charge. Whether it was so embraced, the Court left to the Jury. But it

is said that the transfer did not legally show that plaintiff had no title, and defendant could not defend upon this ground. If, as in the former case, the defendant was not a trespasser, but had shown a *bona fide* possession, we are not prepared to say but that he might defeat the plaintiff's recovery, by showing that he had transferred in this way his interest in the premises, to a third person. If the plaintiff had relied upon this bond as a part of his title, as the origin, for example, of his possessory right, I do not see but that proof of a transfer of the bond would break down his claim by possession. Whether he did, or not, transfer his interest in the bond, was left to the Jury.

Let the judgment be affirmed.