THE YAHOOLA RIVER AND CANE CREEK HYDRAULIC HOSE MINING COMPANY, plaintiff in error, *vs.* HENRY IRBY, defendant in error.

1. A recital in a deed that the parties making it are heirs-at-law of a former owner, is no evidence of the fact recited, except as against parties to the deed and their privies.

2. In action of trespass for cutting timber from vacant land, the plaintiff must prove a good title in himself.

3. In showing title by an administrator's deed, the order of the Ordinary granting leave to sell must be produced. It is not sufficient that it is recited in the deed.

4. A corporation may be guilty of a trespass other than a trespass on the case, as well as an individual. Its servants, obeying its orders, may render it liable to such an action. (R.)

5. In an action of trespass for cutting timber on vacant land, when it is proved that the defendant, in good faith, believed it was his own land, the verdict, if for the plaintiff, ought to be only for the actual damages proven.

Trespass *quære clausum fregit.* Damages. Before Judge KNIGHT. Lumpkin Superior Court. September Term, 1869.

Irby brought trespass *quare clausum fregit* against the Yahoola River and Cane Creek Hydraulic Hose Mining Company, averring that it had with force and arms broken and entered land lot 345, in said county, and cut and carried therefrom three hundred trees, of the value of $500 00. The defendant pleaded the general issue and Statute of Limitations.

Plaintiff's attorney, to show title in plaintiff, read in evidence a grant of said lot from the State to Archibald Walraven, a deed from William Walraven and Peter J. Walraven to Andrew J. Walraven, in which said feoffers were described as the sole heirs-at-law of Archibald Walraven, and then a deed from Wesley Hudson, as administrator of Andrew J. Walraven, to Irby, in which it was recited that Hudson, as such administrator, had obtained an order of the Court of Ordinary for the sale of said land, had advertised it according to law, and then, at public outcry, knocked it off to Irby, who was the highest bidder, giving time, place and circum-

stances, as is usual in deeds by administrators. These deeds were read in evidence, notwithstanding the objections of defendant's attorney. He objected to the first because there was no evidence that Archibald Walraven was dead, nor that William and Peter J., were his heirs-at-law. He objected to the other deed, because it was not shown, otherwise than by the recitals in the deed, that the Court of Ordinary granted leave to sell the land.

A witness testified that Dr. VanDyke, as agent of defendant, in 1865 or 1866, cut perhaps one hundred trees off said land, and that they were worth $40 00.

Defendant's counsel read in evidence a deed from Jacob Deek to VanDyke, made in February, 1866, and VanDyke testified that he bought said land from Deek, claimed it *bona fide* as his own, and ordered timber cut from it on his own account, and not as agent of the defendant. He estimated the damages at $30 00 or $40 00. There was also read in evidence a deed from the sheriff to Deek. And, as to the *bona fides* of VanDyke's purchase, plaintiff offered a witness who testified that he told VanDyke, before he bought it, that he thought the title which he was buying was bad.

The Court charged the jury that though VanDyke may have been agent of defendant when the trespass was committed, yet if he had *bona fide* bought the land, and believed it was his, then the jury should not find more than the actual damages proved.

The jury found for the plaintiff $100 00 for damages.

Defendant's attorney moved for a new trial upon the grounds that the Court erred in allowing said deeds to be read in evidence, without more, and because the verdict is strongly and decidedly against the weight of the evidence and excessive, and contrary to said charge of the Court. The new trial was refused, and that is assigned as error.

GEORGE D. RICE, by the REPORTER, for plaintiff in error, as to the admissibility of the deed from the pretended heirs of the grantee, cited: Carver *vs.* Jackson, 4 Peters R., 83; 1 Gr. Ev., note to sec. 23; Hanks *vs.* Phillips, 39th Ga. R.;

as to the admissibility of the Hudson deed, 7th Ga. R., 559; 4th, 148, 156; Irwin's Code, secs. 2518, 2519, 2520; as to sheriff's deed, 24th Ga. R., 494. No evidence that defendant committed the trespass: Irwin's Code, sec. 2177; 13th John, R., 414; Ang & Ames on Corp., sec. 388; 2d Wend. R., 452; 7th Conn. R., 485; 12 Metcalf R., 482; 2 Railway Cases, 391. Principal not liable for agent's trespass: Ang. & A. on Corp., secs. 311, 388; 19th Wend. R., 343; 3 W. & S. R., 103; 4 B. & Ald. R., 590; 2 Wend. R., 452; 7th Conn. R., 485. The company was ignorant of VanDyke's trespass; Ang. & Ames on Cor., 304; 8th G. & J. R., 248; 29th Miss. R., 68; as to exclusive damages: 10th Ga. R., 37; 28th, 597; 23d, 500.

No appearance for defendant in error.

McCAY, J.

1. We see no reason why the recital in a deed by John and Jacob Doe, that they are the heirs-at-law of William Doe, should be any evidence of that fact. Any other two men might make a deed with the same recital in it, and there would be no reason why the recital in one of the deeds should be taken for true rather than in the other. To make out a title to land, all that would be necessary, if this were the law, would be to write a deed to it, setting forth that the maker of the deed was the heir-at-law of the true owner. Such recitals bind the parties to a deed, and all persons claiming under the deed, but they are no evidence at all against strangers: 4 Peters, 83; Greenleaf Evid., 1 vol., sec. 23.

2. Our Code, section 2965, allows an action of trespass by the true owner, even though he was not in possession of the land at the time, provided the land be vacant. At common law the plaintiff must have been in possession. Hence the fiction of the action of ejectment, in which to make out the case it is necessary that the tenant in possession shall confess lease, entry and ouster in John Doe. If the plaintiff be in actual possession, he may maintain the action of trespass

without showing title: Rev. Code, sec. 2964. But it is only under our statute that the true owner can bring *trespass*, if he was. not in possession at the time. To bring himself within the statute he must show he is the true owner. This he can only do by showing title.

3. *The power to sell* must always be proven: 4 *Ga.*, 148, 156; 24*th Ga.*, 494. If that power be shown, the fact that the prescribed forms were pursued, will be presumed from the recitals until the contrary appears: Rev. Code, section 2520.

4. A corporation may be guilty of a trespass other than a trespass on the case as well as an individual. Its servants, obeying its orders, may render it liable to such an action. It may be that Dr. VanDyke, in directing the trees cut, was acting as the claimant of the land, but it is also true that the hands, and the person who superintended and directed them, were acting as agents of the corporation, and it makes but little difference whether the trespass was committed by the agent, Dr. VanDyke, or by the other agents, the actual cutters of the trees.

5. The jury, in their damages, are confined to the proof. It appears very plainly here that there was a *bona fide* belief in Dr. VanDyke that the land belonged to him, and no greater verdict ought to have been given than will cover the injury shown by the proof to have been inflicted.

Judgment reversed.