CASPER W. JONES, JR., plaintiff in error, *vs.* ISAAC EASLEY *et al.*, defendants in error.

(TRIPPE, Judge, was providentially prevented from presiding in this case.)

1.  Where a tax *fi. fa.* was offered in support of a sheriff's deed to land, and it appeared that the *fi. fa.* was under $50 00, and that though there was a levy entered thereon, it was not signed by any one, it was not error in the judge to refuse to let the *fi. fa.* be read in evidence, without some proof that the entry was made by an officer authorized to levy such *fi. fa.*   Nor does the recital in the sheriff's deed, that he had made such levy, alter the case.

2.  A plaintiff in ejectment may recover the premises in dispute, on his prior possession alone, against one who subsequently acquires possession by a trespass without any lawful right whatever, and this is true, though the plaintiff may himself show to the jury no title.

Ejectment.   Execution.   Judicial sale.   Deed.   Possession.   Before Judge KIDDOO.   Randolph Superior Court. May Term, 1874.

Jones brought ejectment against Easley and others, tenants in possession, for lot of land number six, in the sixth district of Randolph county.   The defendants pleaded the general issue.   The plaintiff relied upon a sheriff's deed made under a sale for taxes, and prior possession.   In support of

Jones *vs.* Easley *et al.*

the former he introduced in evidence a sheriff's deed dated January 8th, 1870, conveying the property in dispute to him. This instrument recited that the sheriff did, on November, 30th, 1869, levy upon, and afterwards expose to sale, said lot, under and by virtue of an execution issued by the tax collector of Randolph county against Casper W. Jones, Sr., trustee. The plaintiff then tendered in evidence two executions, the first of which was dated November 25th, 1869, issued by the tax collector of Randolph county, in favor of the state of Georgia and county of Randolph, for $22 60, state and county tax for the year 1869, against Casper W. Jones, Sr., trustee. On this *fi. fa.* was an entry of a levy upon the property in controversy, of date November 30th, 1869, but unsigned. Across this entry was written, "settled in full, January 12th, 1870," signed by the sheriff. The second execution was of the same date, and in the same form, except that it was for $15 00, and against Casper W. Jones, Sr., individually. The entries thereon were the same.

On objection made, the executions were excluded and plaintiff excepted.

The plaintiff showed that the defendants obtained possession of the property by forcibly ejecting his tenant. That after the sheriff's sale aforesaid, A. B. Hendry, who was then in possession of the lot attorned to him, and remained in the quiet and peaceable control of the same until forcibly turned out as above stated.

Plaintiff closed. On motion, a non-suit was ordered, and plaintiff excepted.

Error is assigned upon each of the above grounds of exception.

H. & I. L. FIELDER, for plaintiff in error.

WORRILL & CHASTAIN, for defendants.

McCAY, Judge.

1. The *authority* to sell under legal process depends upon the judgment and levy. These the purchaser is bound to see

are complete: Code, sec. 2628. A levy on land consists of the entry, signed by the proper officer. That is the only seizure there is in this state: See *Wilson vs. Ansley*, 47 *Georgia*, 278. Tax *fi. fas.* under $50 00 must be levied by a constable (Code, section 888,) and returned to the sheriff. Was this levy made by a constable? Who can say? The statute requires the levy to be signed : Code, sec. 3640. Had the party offering this deed offered to have this entry signed, shown that the entry was in fact made by a proper officer, with intent to make a levy, and left unsigned by mistake, perhaps that might have cured the defect. The recital in the deed cannot help the matter. Such recitals are *prima facie* evidence of the acts of the officer other than such acts as enter into his authority to sell, such as the advertisement, place and hours of sale, etc., but the authority to sell stands on a different footing, and must be proven : 16 *Georgia*, 71.

2. The defendant was a clear trespasser, as the evidence shows he had no lawful right whatever, but was in possession by mere entry. In such cases the plaintiff may recover on his prior possession alone, and that the plaintiff clearly had : Code, sec. 3366.

Judgment reversed.