BOYNTON *vs.* BROWN *et al.*

Heirs at law of a decedent may recover realty of which he was seized at his death as against one who shows no other claim than entry and possession since the death of such decedent, and who has not held sufficiently long to acquire any prescriptive right.

Ejectment. Title. Before Judge FLEMING. Calhoun Superior Court. March Term, 1881.

Reported in the decision.

L. G. CARTLEDGE; J. J. BECK; LYON & GRESHAM; D. A. VASON, for plaintiff in error.

BUSH & LYON; H. C. SHEFFIELD, by brief, for defendants.

CRAWFORD, Justice.

An action of ejectment was brought by the heirs at law of James F. Brown, deceased, against J. L. Boynton, upon the trial of which the jury found for the plaintiffs. The defendant moved for a new trial, which the court overruled, and that ruling is alleged as error.

The testimony introduced by the plaintiffs shows that Brown, the deceased, was in possession of the premises in dispute during his lifetime; that he and his family lived there; that he died in possession of them; that the plaintiffs

were his heirs at law; and that defendant had lived there three or four years since Brown's death. No testimony was offered by the defendant; he, however, had been introduced as a witness by the plaintiffs, and testified that he claimed title to the premises in dispute from the estate of James F. Brown, deceased. Nothing further was offered on either side.

The grounds upon which the defendant claims a new trial are, substantially, that the case should have been non-suited for the want of sufficient evidence to have sent it to the jury; and because the court misconceived the law upon which the rights of the parties turned, and therefore his charges were erroneous. Whether either of these grounds are sufficient to reverse the judgment, depends upon the legal effect of the plaintiffs' evidence.

A plaintiff in ejectment may recover the premises in dispute upon his prior possession alone, against one who subsequently acquires possession of the land by mere entry, and without any lawful right whatever. Code, §3366.

In this case, the heirs of James F. Brown sue for the recovery of this land; they show that their ancestor lived upon it, and was in possession of it when he died; that the defendant went in after Brown, showing nothing but a mere entry, without any lawful right whatever. Under this proof the plaintiffs were entitled to recover, and it is immaterial whether the instructions given the jury by the court were in strict conformity to law or not, the evidence demanded the verdict.

Judgment affirmed.