## WOLFE *v.* BAXTER *et al.*

Where one died in possession of land under a *bona fide* claim of right thereto, this was *prima facie* evidence of title in him, and his heirs or devisees may recover on proof of such possession, unless a better adverse title is shown by the defendant.

February 23, 1891.

Ejectment. Title. Evidence. Before Judge MILLER. Bibb superior court. April term, 1890.

Reported in the decision.

ALEXANDER & TURNBULL, STEED & WIMBERLY and F. A. ARNOLD, for plaintiff.

FELTON & BAXTER, for defendants.

v 86-45

86   705
98   586
98   597
98   702

86   705
101    7

86   705
105   806

86   705
117    78

86   705
118   377

86   705
121   484

86   705
123   377

Lumpkin, Justice.

In this case the court below granted a nonsuit, and by the bill of exceptions three questions are presented for review. The first, viz. whether or not a plaintiff in ejectment, suing for a one fifth interest in land, and proving a right to recover a one sixth interest therein, can recover the latter interest, needs no argument. It is well settled that a plaintiff may always recover a less amount or interest than that sued for, but never more. In the second place, we deem it unnecessary to discuss whether or not the familiar rule, that in ejectment, where both parties claim under a common grantor, neither need trace title beyond that source, is applicable to the facts of this case, because the case is really controlled by the principle announced in the above head-note, and to that we will now devote our attention.

The plaintiff's evidence made the following case: The land in dispute at some time prior to the year 1853, was in possession of one Byron Scott. Afterwards, in 1853 or 1854, it went into the possession of Robert Freeman, and so remained until his death, which occurred about the year 1855. Robert Freeman died testate, and in his will directed that his entire estate, except what was sold to pay his debts, be kept together and managed for the support and maintenance of his family and the education of his children, during the life or widowhood of his wife, Harriet B.; and if she should marry again, that all his estate be divided equally between his wife and children. It further provided that the wife, if she married, should take her share absolutely, and that the shares of his children should go to them during their natural lives, with remainder, at their deaths, to their children respectively. His wife and one Andrew Comer were appointed executrix and executor of the will, but the former alone

qualified.  Mrs. Freeman, in 1863 or 1864, married one Fulton, and died in 1884 or 1885.  She remained in possession of the land, as executrix, until her marriage with Fulton, and also after this marriage for a considerable length of time.  The testator, Robert Freeman, left five children, two sons and three daughters.  One of his sons, James S., married the plaintiff, whose maiden name was Powell.  James S. Freeman died about three years after his marriage with the plaintiff, leaving her, as his widow, and one child, James E. Freeman, who lived about a year and died, leaving his mother, the plaintiff, his sole heir at law.  The evidence in the case tends to show that no division of the testator's estate, as contemplated by his will, was ever made, and this suit was brought by the plaintiff to recover a fifth interest in the lot of land in dispute, which appears to have been a part of the tract of land occupied by Robert Freeman at the time of his death.

Section 3366 of the code declares that a plaintiff in ejectment may recover upon his prior possession alone against one who subsequently acquires possession by mere entry and without any lawful right.  In *Johnson* v. *Lancaster*, 5 *Ga.* 39, the same rule is asserted, and also in *Jones* v. *Scoggins*, 11 *Ga.* 119.  On page 121, Judge NISBET says: "If the plaintiff, as in this case, relies upon possession acquired *bona fide*, and nothing else, and the defendant is in possession as a trespasser, the defendant cannot rely upon that tortious possession, nor can he protect himself by showing a title in a third person."  It was held in *Jones* v. *Easley*, 53 *Ga.* 454, that a plaintiff in ejectment may recover on prior possession alone against one who subsequently acquires possession without any lawful right, and this is true though the plaintiff may himself show to the jury no title.  See also *Scott* v. *Singer*, 54 *Ga.* 689.  Again, in *Jones* v. *Nunn*, 12 *Ga.* 472, Judge NISBET says, "as

against one who can show no better title than naked possession, a plaintiff who has had prior possession may recover upon that possession." See also *Eaton* v. *Freeman*, 63 *Ga.* 535. This court ruled in *Hadley* v. *Bean et al.*, 53 *Ga.* 688, that possession under a deed will cast the burden on the defendant to show he is not a trespasser, and that he has not acquired possession by mere entry without any lawful right whatever. The above case is cited approvingly in *Parker* v. *Waycross, etc. R. R.*, 81 *Ga.* 392.

The rule stated seems, therefore, to have been fully settled both by the statute and repeated adjudications, but this court, in the case of *Bagley et al.* v. *Kennedy*, has gone further and decided definitely that evidence of such possession will change the *onus* and put the defendant on proof of his title. This whole subject in the case just cited was thoroughly reviewed and discussed by Chief Justice BLECKLEY. The decision was rendered July 12th, 1890, and may be found in 85 *Ga.* 703, 11 S. E. Rep. 1091. The head-note is as follows: " Possession of land under claim of ownership is *prima facie* evidence of title in the occupant. Hence, where a man died in the year 1829, in possession of the premises now in dispute, persons claiming under his heirs or devisees, and bringing suit in 1887, may recover on proof of his possession, and of title derived from him through his heirs or devisees, as the case may be, unless a better adverse title, by possession or otherwise, appears." In the opinion he quotes the case of *Brown* v. *Colson*, 41 *Ga.* 42, where the plaintiff's ancestor died in possession, and the premises were assigned to the widow as dower. She went into possession and died, and these facts were held sufficient, *prima facie*, to put the defendant upon proof of title. He also cites *Buckner* v. *Chambliss*, 30 *Ga.* 652, where it was held that an administrator may recover upon the possession alone

of his intestate; and *Boynton* v. *Brown*, 67 *Ga.* 396, holding that heirs may recover upon the possession of their ancestor. That opinion also cites a large number of other authorities, to which reference is hereby made.

In the case now before us, Robert Freeman died possessed of the land in controversy, having held and used it as his own. This, we have shown, was *prima facie* evidence of title in him. Under the facts proved in this case his widow could not, either as executrix up to the time of her second marriage, or as tenant in common with his children after her marriage, hold adversely to them, or those claiming under them. It seems that the lands of the testator were never divided in kind. The plaintiff, therefore, as sole heir of one of the testator's devisees in remainder, upon proof of the foregoing facts, showed a *prima facie* right to recover her undivided interest in the land, and the non-suit against her should not have been granted.

*Judgment reversed.*