WHIDDON *et al.*, administrators, *v.* WILLIAMS LUMBER COMPANY.

1. When the foundation for introducing secondary evidence of the contents of a registered deed has been properly laid, a certified copy of it from the records of a county in which it was duly recorded is admissible in evidence though the land described in the deed was afterwards cut off into a newly made county and the deed in question was never recorded therein.

2. Though on the trial of an action by administrators for trespass to realty alleged to belong to their intestate the evidence introduced by the plaintiffs may be sufficient to show title in the intestate, yet where it appears that neither he nor they were in possession when the alleged trespass was committed and the evidence for the defendant shows a paramount outstanding title in another, there can be no recovery; and this is true notwith-

standing the failure of the defendant to show any connection between such outstanding title and the claim under which he entered.

3. It is essential to the maintenance of an action of trespass upon realty, brought 'to recover damages to the freehold, that the plaintiff, if not in possession when the injury was committed, should show himself to be the true owner of the land; and this he must do by proving title in himself; and in such case title is not shown by proof of former possession, without more.

4. In view of the evidence as a whole, the court committed no error in directing a verdict for the defendant.

July 13, 1896. By two Justices.

Action of trespass.    Before Judge Smith.    Dodge superior court.    September term, 1895.

*DeLacy & Bishop*, for plaintiffs.

*D. M. Roberts* and *Smith & Clements*, for defendant.

SIMMONS, Chief Justice.

1. The ruling announced in the first head-note does not require further discussion.

2. Under our code, in order to recover damages for trespass upon land, the plaintiff must have possession, or else must have a good title to the land: Bare possession is sufficient to authorize the possessor to recover damages from any person who wrongfully interferes in any manner with his possession. Code, §3015; and section 3016 declares: "The person having title to lands, if no one is in actual possession under the same title with him, may maintain an action for a trespass thereon; and if a tenant be in possession, and the trespass be such as injures the freehold, the owner, or a remainderman, or reversioner, may still maintain trespass." In order to bring himself within the statute, a plaintiff out of possession must show himself the true owner, and this he can only do by showing a good title. (*The Yahoola River Mining Co.* v. *Irby*, 40 *Ga.* 482.) Such a title is not shown by prior possession alone. A plaintiff in ejectment, it is true, may recover the premises in dispute upon his prior possession alone, against one who

has subsequently acquired possession by mere entry and without any lawful right whatever (Code, §3366); and in such a case the burden of showing a better title in himself is upon the defendant. *Wolfe* v. *Baxter*, 86 *Ga.* 705, and cases cited. This, however, is for the reason that ejectment is a remedy designed to redress wrongs amounting to a disseisin or ouster, and the person thus deprived of his possession has a right to recover possession from the person who has evicted him, unless the latter shows a better right to the premises. But where an action of trespass is brought for injury to the freehold, the right of the plaintiff to recover depends upon his showing that he is the true owner of the freehold, and not merely that he had priority of possession of the defendant. Were it otherwise, a defendant after having been required to pay damages to a person who had a prior possession, for injury to the freehold, might afterwards be subjected to liability to the true owner for the same tort. And since the defendant in such an action cannot be held liable to any other than the true owner, it is a sufficient defense to the action if he shows that the plaintiff is not the true owner, whether he shows any title in himself or not.

3. In the present case the action was brought by administrators to recover for damages to the freehold by the cutting of timber therefrom. The intestate was not in possession, nor were the administrators, at the time of the acts complained of. The plaintiffs introduced in evidence a grant from the State to Peter J. Williams, covering the premises in dispute, a deed from Williams's executor and certain persons described in the deed as the heirs at law of Williams, to William Pitt Eastman, and a chain of deeds from Eastman down to the plaintiffs. The plaintiffs also showed prior possession. The defendant introduced, with other evidence, a duly certified copy of a deed from Peter J. Williams to Colby, Chase and Crocker, including the

land in dispute.    The plaintiffs did not show any title in themselves from this latter source, nor did the defendant.

This evidence showed a paramount outstanding title, in others than the plaintiffs, and therefore, as we have shown, was sufficient to defeat the action, even though the defendant did not connect himself with it.

4. The court, therefore, did not err in directing a verdict.

*Judgment affirmed.*