## McDONOUGH & CO. *v.* CARTER & CO.

1. Possession of land under a claim of ownership being *prima facie* evidence of title in the occupant, the latter, upon proof of such possession, and without showing complete title, may maintain against a wrong-doer an action for a trespass upon the property, committed while such possession existed.

2. Such an action is maintainable by a partnership, composed of two persons, in its firm name, where one of its members claimed an undivided two thirds of the land, and the other the remaining undivided one third, and they were jointly occupying and using the land in the prosecution of their partnership business.

3. The newly discovered evidence could, by the exercise of ordinary diligence, have been produced at the trial. There was no error in rejecting evidence, nor in directing a verdict for the plaintiffs.

August 3, 1896.

Action of trespass.    Before Judge MacDonell.    City court of Savannah.    November term, 1895.

On April 13, 1895, P. H. Carter & Co. sued J. J. McDonough & Co. for cutting and carrying away the merchantable saw-mill timber on lot of land 97 in the 5th district of Appling county.    The court directed a verdict in favor of plaintiffs for the value of the timber at the time it was cut.    Defendants moved for a new trial, which was denied, and they excepted.

Plaintiffs introduced two warranty deeds, both recorded on February 20, 1894; the first from W. J. Mann, dated November 17, 1891, conveying to C. W. Deen & Co., for

$325, the land in dispute, with all its rights, appurtenances, etc.; the second from C. W. Deen, dated June 13, 1893, conveying to P. H. Carter, for $1,000, a two thirds undivided interest in said land, with its rights, appurtenances, etc. Carter testified, that he and the Ga. Pine Investment & Mfg. Co. composed the partnership of P. H. Carter & Co., he being the acting member of the firm and having control of its business. As such he was in possession of the land, resided there, and was farming the timber for turpentine when defendants entered and cut the timber. He had shanties thereon, and was using the land. He bought the interest of C. W. Deen in the partnership of C. W. Deen & Co., composed of Deen and the company before named, and the name of the firm was changed to that of plaintiffs. When he so bought, he was told by Deen and by Young, the president of said company, that Deen owned a two thirds interest in the partnership of Deen & Co. The several settlements between the members of the firm of P. H. Carter & Co. were always on a basis of two thirds interest in Carter and one third in said company. When he purchased Deen's interest, he put into the business $4,000, and the company put or had in $2,000; $6,000 being the capital stock of each of the firms named. There were no written articles of the partnership. The company's third interest remained unchanged. Carter took possession of the land as the representative and manager of plaintiffs, and this suit is based on said possession. There was no formal transfer or conveyance of the land from P. H. Carter, nor from the company, to plaintiffs.

Defendants offered in evidence a deed to them from B. Millikin, dated March 6, 1889, for a valuable consideration, to the timber on the land, giving them free access thereto, and reciting that the title to the land should remain in the grantor until he concluded to sell the same. Plaintiffs stated that they made no claim for any other than bare actual damages, and on this disclaimer the deed was re-

jected.    The court also excluded two letters offered by de-
fendants; the first, dated March 4, 1895, from C. W. Deen
& Co. to J. J. McDonough, stating that they would like
to settle his suit against them for timber on the land in
dispute, and naming the amount they would give in pay-
ment of damages and costs; the second, dated August 20,
1895, from Deen to McDonough, stating that Deen would
like to swap certain mill-timber on another lot for the
claim held by McDonough against Deen & Co. for tur-
pentine privileges on the land in dispute.    Error was as-
signed on these rulings.    The motion for new trial also
set up, in addition to the general grounds, newly discovered
testimony as shown by the affidavit of Ben. Millikin, viz:
He was the true and lawful owner of the land in dispute,
up to the spring of 1895, and for more than 17 years before.
In the summer of 1893, P. H. Carter told him that he
(Carter) had purchased the land from Deen and was work-
ing the turpentine timber on it; that he had bargained
the saw-mill timber to McCall for defendants, who in-
formed him that they had already bought from Millikin
a title to the timber on the lot; and that he (Carter) wanted
to see about Millikin's title.    Millikin informed him of the
character of said title, the length of time he had had it,
and that it had been on record that length of time.    Carter
then requested him to bring suit at once, that the matter
might be settled at as early a day as possible.    Millikin re-
plied, he preferred not to bring suit if the matter could be
compromised without it, and requested Carter to write Deen
that Millikin was willing to give a fair or liberal compro-
mise, or sell his title rather than bring suit.    Carter after-
wards told Millikin that he had so written Deen, and that
Deen wrote he had no compromise to offer deponent; and
again asked Millikin to bring suit at once, that the matter
might be settled as early as possible.    While Carter said
he could not cast reflection on his title, Millikin inferred
from the conversation that Carter thought Millikin's the

45

winning one. When Millikin brought ejectment against
Carter & Co. in 1893, the latter had Deen & Co. served
with the papers to defend title they had made. Millikin
was informed by his attorney, on investigation of the record
in the clerk's office by him and the clerk, they found no·
title on record but Millikin's, and on examination of the
tax digest, found that no one but Millikin had returned it.
for taxes for a long term of years, until Carter & Co. re-
turned it in 1893; and that they found no title on record
to Deen & Co. or Mann. Millikin's attorney informed
him, in the spring of 1895, that Deen had agreed with him
to give up the land without further litigation. Before the·
case was reached to take a verdict, Deen purchased Mil-
likin's title, paying $300 therefor, and paying his attorney's
fees, with the court costs, etc. It was specially stipulated
and agreed between Millikin and Deen, that all the rights
and privileges conveyed by Millikin to McDonough & Co.
were to stand as they were, and remain of full force and
effect. Millikin then withdrew the suit. Also, the cer-
tificate of the clerk of Appling superior court, that he had
examined the records of deeds for that county, and failed
to find any deed on record to lot 97, except deed of Millikin,.
until since suit of Millikin against Carter & Co. was filed;
and that for a number of years before the filing of said.
suit, no one returned said lot for taxes in Appling county·
except Millikin.

*O'Connor & O'Byrne,* for plaintiffs in error. *Cain &·
Kennedy, T. A. Parker* and *E. D. Graham,* contra.

Lumpkin, Justice.

1. In *Whiddon et al.* v. *Williams Lumber Co.,* decided
at the present term (*ante,* 700), this court held, that in order·
to maintain an action of trespass upon realty, brought to·
recover damages to the freehold, the plaintiff, if not in
possession when the injury was committed, would have to·
show that he was the true owner of the land by proving·

title in himself; and that, in such case, mere proof of former possession would not be sufficient to show title. The present case differs from that in the essential particular that the trespass here complained of was committed while the plaintiffs were in possession.

Under section 3015 of the code, the bare possession of land authorizes the occupant to recover damages from any person who wrongfully in any manner interferes with such possession. Consequently, in an action like the present, it is not incumbent upon the plaintiff to show a complete and perfect title, but he may rely upon his possession of the land under a claim of ownership, this being *prima facie* evidence of title in him.

2. The present action was brought by a partnership composed of two persons in its firm name. It appeared that one of the members claimed an undivided two thirds interest in the land, and the other the remaining undivided one third; and also, that they were jointly occupying and using the land in the prosecution of their partnership business. We therefore are of the opinion that the action was maintainable in the partnership name. It was, in substance, an action brought by tenants in common for an injury done to them as such, and for which they had a joint right of action.

3. One ground of the motion for a new trial was based upon newly discovered evidence. It is evident that by the exercise of proper diligence this evidence could have been produced at the trial. In view of the entire case, it seems clear that the plaintiffs were entitled to recover, and we see no error in directing a verdict in their favor.

*Judgment affirmed.*