## FLETCHER v. FLETCHER.

1. It is not necessary for a plaintiff who alleges himself to be the true owner and in possession of a tract of land to attach an abstract of his title to an equitable petition to restrain a trespass by an insolvent trespasser.
2. A plaintiff in possession of land under claim of ownership, upon proof of such possession and without showing a complete title, may maintain against an insolvent wrong-doer an action to enjoin any interference with his possession.

Argued May 23, — Decided June 15, 1905.

Equitable petition. Before Judge Mitchell. Berrien superior court. September 22, 1904.

George H. Fletcher brought an equitable petition against Joe Fletcher, and a demurrer was filed by the defendant. The petition was amended, and, as amended, alleged substantially, that the petitioner was the true and lawful owner and in the possession of a certain described tract of land; that the defendant, unlawfully and without authority from petitioner, had entered upon the land and commenced cutting the sawmill timber thereon with the intention of cutting and carrying away all of the sawmill timber upon the described tract of land; that petitioner

claims title to the land and timber by virtue of a deed from James H. Fletcher to himself, dated January 9, 1902; that the defendant claims title to sixty-five acres of said described land by reason of a deed from J. P. and Tucker Mauldin; that J. P. and Tucker Mauldin claim title from J. L. Fletcher, who claims title from James H. Fletcher, petitioner's grantor; that the deed from James H. Fletcher to J. L. Fletcher was never delivered to J. L. Fletcher, but was by him fraudulently obtained from the wife of James H. Fletcher by false and fraudulent representations to her that his father, James H. Fletcher, had directed and requested that she deliver the deed to him; and that, relying upon this statement of J. L. Fletcher, Caroline Fletcher, wife of James H. and mother of J. L. Fletcher, delivered the deed to him; that James H. Fletcher never directed that the deed be delivered to J. L. Fletcher, and never ratified the delivery which was made by his wife; that on the day following the delivery of the deed to J. L. Fletcher, and as soon as he ascertained the fact, James H. Fletcher demanded of J. L. Fletcher the return of the deed, and was informed that J. L. Fletcher had sold a portion of the land described in the deed to J. P. and Tucker Mauldin, and had delivered the deed to them, whereupon James H. Fletcher demanded of the Mauldins a return of the deed and at the same time informed them that the deed had never been delivered by him to J. L. Fletcher; that the Mauldins returned the deed to James H. Fletcher, and it was destroyed by him. It was further alleged, that at the time of the return of the deed to James H. Fletcher and its destruction by him, J. L. Fletcher had not conveyed the land to the Mauldins, but that they had actual notice, at the time deed was made to them by J. L. Fletcher, that he had fraudulently procured possession of the deed from James H. Fletcher; that the defendant also had actual notice that J. L. Fletcher had never had title to the land at the time he, the defendant, purchased it from J. P. and Tucker Mauldin; that petitioner went into possession of the land immediately upon receiving his deed from James H. Fletcher, which deed was upon a fair and valuable consideration, and that he still is in possession of the same; that the title claimed by Joe Fletcher is a cloud upon petitioner's title; and that the defendant is insolvent. The prayer was, for the cancellation of the deeds from J. H. Fletcher

to J. L. Fletcher, from J. L. Fletcher to J. P. and Tucker Mauldin, and from J. P. and Tucker Mauldin to the defendant; and that the defendant be restrained from interfering with the timber on said land or with the plaintiff's possession. The demurrer was upon the ground that the allegations in the petition, taken together with the alleged abstract of title, failed to show that the plaintiff had sufficient title to the lands described in the petition to entitle him to the relief prayed. The demurrer was sustained, and the plaintiff excepts.

*R. A. Hendricks* and *McDonald & Quincey,* for plaintiff.
*H. B. Peeples* and *L. Kennedy,* for defendant.

Evans, J. (After stating the facts.) 1. The petition was not good as a proceeding to cancel title to land, because the parties to the deeds sought to be cancelled were not parties to the petition. Neither was there any prayer for damages for the trespass actually committed. So the petition was solely a proceeding for injunction to restrain the defendant from cutting or removing the timber, or in anywise interfering with the plaintiff's possession. An action of trespass upon realty, brought to recover damages to the freehold, is not maintainable by one who is not in possession of the land, unless he shows himself to be the true owner thereof. *Whiddon* v. *Williams Lumber Company,* 98 *Ga.* 700. If the plaintiff is in possession of the land under a claim of ownership, upon proof of such possession, and without showing a complete title, he may maintain against a wrong-doer an action for a trespass upon the property committed while such possession existed. *McDonough* v. *Carter,* 98 *Ga.* 703. Where the plaintiff relies upon possession, he must have the actual physical possession of the property upon which the trespass was alleged to have been committed, to support his right to recover even as against a wrong-doer. *Ault* v. *Meager,* 112 *Ga.* 148. The petition is not a suit to recover damages to the freehold, but is solely to enjoin an interference with the plaintiff's possession by a trespasser. The allegations as to the manner in which the defendant claimed his right to the timber upon a part of the land described in the petition were evidently intended by the pleader to show that the defendant was a trespasser and that his title was fraudulent. If the defendant relied upon his conveyance from the Mauldins as authority to cut

the timber, and had knowledge at the time he purchased from the Mauldins how their title had been obtained, his status would in no wise be superior to that of his grantors. His grantors, the Mauldins, according to the allegations of the petition, knew, at the time they purchased and obtained their deed from J. L. Fletcher, that J. L. Fletcher had fraudulently possessed himself of a deed which had been executed, but never delivered, by plaintiff's grantor. So that the case made by the petition is that of a plaintiff who alleges himself to be in the actual possession of a tract of land under a deed and who is seeking to enjoin an interference with that possession by an insolvent trespasser. It is not necessary to show a perfect title to land to entitle a complainant to enter a court of equity and seek relief against an interference with his possession by an insolvent trespasser. A prima facie title is sufficient in the absence of a better outstanding title. *McArthur* v. *Matthewson*, 67 *Ga.* 134. The possession of land under a deed raises the presumption that the possession is rightful, and that the possessor has a prima facie title. The petition in this case should not have been dismissed on demurrer, but the plaintiff should have been given an opportunity to prove the facts alleged in his petition; and upon proof of the allegations therein contained, he would be entitled to a permanent injunction against the defendant, unless he showed a better title to the timber than that held by the plaintiff. Accordingly, it was error to sustain the demurrer on the ground that the plaintiff had not shown such right or title as would entitle him to the writ of injunction.

*Judgment reversed. All the Justices concur, except Simmons, C. J., absent.*