---

### 6992. COGAN & COMPANY *v.* DENNARD.

On the trial of an action for damage to realty from the setting of fire to timber, where the plaintiff sued as the owner of the property, and it appeared, from the evidence, that he was in possession of the land under a bond for title from one who was the holder of the legal title to the property, it was error for the court to refuse to charge the jury that if they believed the plaintiff was in possession of the property but did not own the legal title, he could not recover more than such an amount as would represent his interest in the land, and that the burden would be on him to show by a preponderance of the evidence what his interest in the land was.

DECIDED JULY 12, 1916.

Action for damages; from city court of Washington—Judge Wynne. October 12, 1915.

Dennard sued J. F. Cogan & Company for damages on account of fire which destroyed timber on land which the plaintiff alleged to be his property, and the trial resulted in a verdict against the defendants. The case came to this court on exceptions to the refusal of a new trial.

*Z. B. Rogers,* for plaintiffs in error, cited: Civil Code (1910), §§ 4472-3; *L. & N. Railroad Co.* v. *Ramsay,* 134 *Ga.* 107 (4); *Bass* v. *West,* 110 *Ga.* 698; *Sou. Ry. Co.* v. *Thompson,* 129 *Ga.* 373 (4); *Daniel* v. *Perkins Logging Co.,* 9 *Ga. App.* 842; *Morris* v. *McCamey,* 9 *Ga.* 160; *Whiddon* v. *Williams Lumber Co.,* 98 *Ga.* 701; *McDonough* v. *Carter,* Id. 703; *Burkhalter* v. *Oliver,* 88 *Ga.* 473; *Allen* v. *M., D. & S. R. Co.,* 107 *Ga.* 838; *Sou. Ry. Co.* v. *Ethridge,* 108 *Ga.* 121; *Downing* v. *Anderson,* 126 *Ga.* 373; *Talbot* v. *Rome,* 134 *Ga.* 136; *L. & N. Railroad Co.* v. *Ramsay,* 134 *Ga.* 107; s. c. 137 *Ga.* 373; *Leverett* v. *Tift,* 6 *Ga. App.* 90.

*Colley & Colley,* contra, cited: *Fulton County* v. *Amorous,* 89 *Ga.* 614; *Towaliga Falls Power Co.* v. *Washington,* 136 *Ga.* 397; *Ford* v. *Harris,* 95 *Ga.* 97, 102; *Ault* v. *Meager,* 112 *Ga.* 148;

*Connally* v. *Hall,* 84 *Ga.* 198; *Oglesby* v. *Stodghill,* 23 *Ga.* 590, and cases cited supra.

HODGES, J. It is unnecessary to review the various grounds of the motion for a new trial, one ground alone controlling the questions involved. The plaintiff sued in trespass, as the owner of certain realty and the case was tried upon the theory that he was the owner of the property. It developed upon the trial that he held possession under a bond for title. One of the grounds of the motion for a new trial is that the court erred in refusing a request of the defendants to charge the jury as follows: "If you believe that the plaintiff, E. C. Dennard, was in possession of this property, but did not own the legal title, I charge you that he could only recover, for the damage done by the fire, such an amount as would represent his interest in the land. The burden of proof would be on him to show you, by the preponderance of the evidence, what his interest in the land was." The court should have complied with this timely request, as the evidence of the plaintiff showed that the legal title to the property was in W. J. Adams, and that the plaintiff held possession of the property under a bond for title. The question is settled in this State by several decisions. In the fourth headnote in the case of *Louisville & Nashville R. Co.* v. *Ramsay,* 134 *Ga.* 107 (67 S. E. 652), there is a misprint, the word "sufficient" appearing to have been used instead of the word "insufficient." This is apparent from the fourth division of the opinion, in which it was said: "The suit was for damages alleged to have accrued to the plaintiffs as owners of certain land, by reason of injury to the freehold committed by the defendant. To prevail it was incumbent upon the plaintiffs, after having been put on proof of title by the answer of the defendant, to prove at least prima facie that they had title at the time of the injury. The evidence, taken altogether, was insufficient for that purpose. Counsel for the plaintiffs in their brief contend that plaintiffs derived title by gift made by their father to them in his lifetime. The evidence is not clear as to his title: but even if he had title which he could give, there was no competent evidence of a deed of gift to the plaintiffs, or to any one for them; nor was there any evidence of a parol gift, coupled with possession and the making of substantial improvements, or possession by the donees continued for a period sufficient for acquiring title by prescription.

Under such circumstances the contention of counsel that plaintiffs acquired title by gift was not tenable. *Jones* v. *Clark, 59 Ga.* 136; *Thaggard* v. *Crawford, 112 Ga.* 326 (37 S. E. 367). The plaintiffs having failed to show title, the judge committed error in refusing to grant a nonsuit, and also, during the further progress of the trial, in charging the jury, in effect, that if the land was damaged in the manner alleged, the plaintiffs would be authorized to recover, and that they need not consider the question of title." See also *Whiddon* v. *Williams Lumber Co., 98 Ga.* 700 (25 S. E. 77). On account of the error in declining to charge as requested, the judgment overruling the motion for a new trial is *Reversed.*