31628. FLORENCE *et al. v.* LOVELL *et al.*

DECIDED JULY 11, 1947.

*Schroeder & Walker, George D. Anderson,* for plaintiffs in error.
*Graham Wright, Gordon M. Combs,* contra.

FELTON, J.   There is only one question in this case, and that is
whether the plaintiffs proved that they owned the title to the
injured property.   The original petition alleged that they owned
the house, and there is no doubt that the damages sought are
those which owners of property would be entitled to recover.   The
action is not for damages to a special possession held by one who
was entitled thereto either as one holding under a true owner or
as merely holding against a trespasser.   By amendment the plain-
tiffs alleged that they were owners and in possession, but the
amendment did not change the cause of action.   It merely al-
leged evidence insofar as the title was concerned, and did not seek
to change the recovery basis from ownership to mere possession.
The petition as amended sought recovery for damages suffered by
the owners of the property.

Possession alone does not raise a prima facie presumption of
title.   To raise such a presumption, it must be shown that the
possession is under a claim of ownership.   The statement in text-
books that possession alone raises a prima facie presumption of
title is a little too broad.   In Powell on *Actions for Land,* Chap.
XII, § 297 (2); Adams, *Ejectment* (4th ed.) 33, is cited as
authority for the statement.   Judge Adams, in his work, supra,
states:   "It is a maxim of our law that the party in possession
of property is considered to be the owner, until the contrary is

proved;" and cites the case of Doe dem. Hughes *v.* Dyball, 1 M & M 346 (173 Eng. Rep. 1184). That case was an action to recover a room in a house. The plaintiff proved a lease of the house to him and a year's possession. The defendant had forcibly taken possession of the room. The defendant objected that no title was proved in the demising parties to the lease. The court said: "That does not signify; there is ample proof; the plaintiff is in possession and you come and turn him out; you must show title." In the footnotes to Adams, *Ejectment,* supra, the case of Ricard *v.* Williams, 7 Wheat. 59, 105, 106 (20 U. S. 59), is cited. In that case the court stated: "It is to be considered, that no paper title, of any sort, is shown in William Dudley, or his son Joseph. Their title, whatever it may be, rests upon possession; and the nature and extent of that possession must be judged of by the acts and circumstances which accompany it, and qualify, explain, or control it. Undoubtedly, if a person be found in possession of land, claiming it as his own, in fee, it is prima facie evidence of his ownership, and seisin of the inheritance. But it is not possession alone, but the possession accompanied with the claim of the fee, that gives this effect, by construction of law, to the acts of the party. Possession, per se, evidences no more than the mere fact of present occupation, by right; for the law will not presume a wrong; and that possession is just as consistent with a present interest, under a lease for years, or for life, as in fee. From the very nature of the case, therefore, it must depend upon the collateral circumstances, what is the quality and extent of the interest claimed by the party; and to that extent, and that only, will the presumption of law go in his favor." The statement in Powell on *Actions for Land,* § 293, p. 379, is more nearly accurate, "If a person is found to be openly occupying lands, it will be presumed, until the contrary appears, that the occupancy is bona fide, under *some* claim of right." (Emphasis supplied.) The rule stated in Ricard *v.* Williams has been followed in this State in the following cases: *McDonough & Co.* v. *Carter,* 98 *Ga.* 703 (25 S. E. 938); *Wolfe* v. *Baxter,* 86 *Ga.* 705 (13 S. E. 18); *Southern Ry. Co.* v. *Thompson,* 129 *Ga.* 367 (58 S. E. 1044); *Southern Ry. Co.* v. *Horine,* 121 *Ga.* 386 (49 S. E. 285). In some cases, such as *James* v. *Riley,* 181 *Ga.* 454 (182 S. E. 604), the statement that the possession must be under a claim of right has been omitted,

but cases holding that it must be so' based are cited as authority, so we interpret the rulings in the light of the authority cited therefor. In *Whiddon* v. *Williams Lumber Co.*, 98 *Ga.* 700 (2) (25 S. E. 770), it is stated: "Under our Code, in order to recover damages for trespass upon land, the plaintiff must have possession, or else must have a good title to the land. Bare possession is sufficient to authorize the possessor to recover damages from any person who wrongfully interferes in any manner with his possession. Code, § 3015 and section 3016 declares: 'The person having title to lands, if no one is in actual possession under the same title with him, may maintain an action for a trespass thereon; and if a tenant be in possession, and the trespass be such as injures the freehold, the owner, or a remainderman, or reversioner, may still maintain trespass.' In order to bring himself within the statute, a plaintiff out of possession must show himself the true owner, and this he can only do by showing a good title. (The *Yahoola River Mining Co.* v. *Irby*, 40 *Ga.* 482). Such a title is not shown by prior possession alone. A plaintiff in ejectment, it is true, may recover the premises in dispute upon his prior possession alone, against one who has subsequently acquired possession by mere entry and without any lawful right whatever (Code, § 3366); and in such a case the burden of showing a better title in himself is upon the defendant. *Wolfe* v. *Baxter*, 86 *Ga.* 705 (13 S. E. 18), and cases cited. This, however, is for the reason that ejectment is a remedy designed to redress wrongs amounting to a disseisin or ouster, and the person thus deprived of his possession has a right to recover possession from the person who has evicted him, unless the latter shows a better right to the premises. But where an action of trespass is brought for injury to the freehold, the right of the plaintiff to recover depends upon his showing that he is the true owner of the freehold, and not merely that he had priority of possession of the defendant. Were it otherwise, a defendant after having been required to pay damages to a person who has a prior possession, for injury to the freehold, might afterwards be subjected to liability to the true owner for the same tort. And since the defendant in such an action can not be held liable to any other than the true owner, it is a sufficient defense to the action if he shows that the plaintiff is not the true owner, whether he shows any title in himself or not."

Even a trespasser can sue for damages to possession. *Bass* v. *West,* 110 *Ga.* 698 (36 S. E. 244). But a tenant's damage is distinct from an owner's. *Central of Ga. Ry. Co.* v. *Kelley,* 7 *Ga. App.* 464 (67 S. E. 118); *Zugar* v. *Glen Falls Indemnity Co.,* 63 *Ga. App.* 660 (11 S. E. 2d, 839). A party can sue only for damage to his interest. *Cogan & Co.* v. *Dennard,* 18 *Ga. App.* 421 (89 S. E. 491). Since the action is for damages to the plaintiffs as owners of the property, Code, § 105-1403, is not applicable.

In the present case, the petition alleged that the property was owned by and in the possession of the plaintiffs, J. C. Lovell and Mrs. Mattie B. Lovell. The evidence was sufficient to show that the plaintiffs possessed the property under a claim of ownership. On the trial, J. C. Lovell testified in part: "My wife and I have been in possession of *our* property there for 16 or 17 years. . . My wife and I are still in possession of that property. . . We are still living in that house and occupying it. The plaintiff, J. C. Lovell, referred to the property throughout his testimony as "my home," "my house," etc. and that he had had certain repairs done on the place. Other witnesses, both for the plaintiffs and the defendants, referred to the property as "Mr. Lovell's home" and "Mr. Lovell's place." There was nothing to show that the title or interest of the possessors was less than a freehold, but their possession was apparently that of owners in fee. Nothing appearing to the contrary, the actual possession of the plaintiffs under claim of ownership was sufficient prima facie evidence of title to authorize a recovery of the damages sued for.

The special grounds of the motion for a new trial are without merit.

The court did not err in overruling the motion for a new trial. *Judgment affirmed. Sutton, C. J., and Parker, J., concur.*