40749. NORMAN v. CHAFIN.

PANNELL, Judge. 1. To maintain an action in trespass for the cutting of timber plaintiff must prove actual possession at the time of the trespass, or, in the absence of such possession, that he is the true owner of the land. *Duckworth v. Ocean Steamship Co.,* 98 Ga. 193 (3) (26 SE 736); *Yahoola River & Crane Creek Hydraulic Hose Mining Co. v. Irby,* 40 Ga. 479, 482 (2); *Moore v. Vickers,* 126 Ga. 42 (54 SE 814);

*Pope v. Shipp*, 42 Ga. App. 480 (156 SE 633); *James v. Riley*, 181 Ga. 454 (182 SE 604); *Shirling v. Hester*, 201 Ga. 706 (2) (40 SE2d 743).

2. Actual possession under a claim of ownership is sufficient to sustain such an action against a wrongdoer. *McDonough & Co. v. Carter & Co.*, 98 Ga. 703 (25 SE 938); *Tolbert v. City of Rome*, 134 Ga. 136 (1) (67 SE 540); *Southern R. Co. v. Thompson*, 129 Ga. 367 (9) (58 SE 1044).

3. Where in such a suit seeking to recover the entire damage the single plaintiff alleges he has fee simple title to the land and that he has been in possession for over 40 years, and the proof shows that he claims title under the will of a grandfather, but the will is not introduced into evidence and there is no proof of title in the grandfather other than oral testimony of witnesses and the proof further shows he claims only an undivided fractional interest, and there is no proof of possession in the plaintiff at any time, a verdict in the plaintiff's favor is unauthorized and the defendant, even though a mere trespasser, is entitled to a verdict in his favor. See *Phillips v. Rentz Bros. & Roberts*, 106 Ga. 249 (32 SE 107); *Tolbert v. City of Rome*, 134 Ga. 136, supra; *Cogan & Co. v. Dennard*, 18 Ga. App. 421 (89 SE 491). The plaintiff not being entitled to recover either on bare title (*Code* § 105-1404) or bare possession (*Code* § 105-1403), and the suit not being one to recover possession of the land or damages for withholding possession under *Code* § 105-1402, a bare claim of title is not sufficient. See *Whiddon v. Williams Lumber Co.*, 98 Ga. 700, 701 (2) (25 SE 770).

4. Upon application of the above principles to the facts of the present case as shown in headnote 3 above, it follows that the trial court erred in not granting the defendant's motion for judgment notwithstanding the verdict. *Code Ann.* § 110-113.

*Judgment reversed. Felton, C. J., and Frankum, J., concur.*

DECIDED SEPTEMBER 9, 1964.

*Lawson E. Thompson*, for plaintiff in error.
*Walton E. Hardin*, contra.