ALEXANDER M. CAMPAU ET AL. V. DANIEL J. CAMPAU ET AL.

*Ejectment between parties claiming under a common grantor.*

The heirs of one tenant in common brought ejectment against parties claiming and holding the entire property under a partition of the other's estate. The deed of the common grantor did not purport to convey the entire title to the premises and left it uncertain what interest was conveyed. *Held* that ejectment was not maintainable under this deed without other evidence.

The doctrine that adverse claimants under a common grantor are estopped from denying their grantor's title does not hold where the grantor's deed does not purport to convey the entire title or leaves it uncertain what interest was conveyed without the aid of other testimony not furnished.

Error to Wayne. Submitted June 20. Decided Oct. 2.

EJECTMENT. The plaintiffs are the heirs of Barnabas Campau, to whom, in common with his brother Joseph, the disputed premises were conveyed in 1845 by their sister Catherine Lafferty. Her deed purported to convey to them all her right, title, etc., in and to lands of which her brother Nicholas died seized, and which she had inherited or become interested in through him. She remained in possession of the premises under a lease from Joseph and Barnabas till she died in 1854, and her children continued in possession till 1863, when Joseph died intestate. Barnabas had died in 1845. In 1864 Denis J. Campau, one of the sons of Joseph, and his administrator, went upon the premises and compelled Catharine's children to attorn to him as administrator. In 1866 the heirs of Joseph conveyed to Elizabeth Brown all their interest in the premises by a partition deed, and in 1868 she conveyed it to Daniel J. Campau, who, with his tenants, are the defendants in this suit, and were in possession when the suit was begun in 1875. The plaintiffs claim an undivided half of the premises as heirs of Barnabas Campau. The court below directed a verdict for defendants, and plaintiffs brought error.

*Baker & Campau* for plaintiffs in error.  The possession of Joseph and Barnabas is presumed to have been under the deed from Catharine (*Holbrook v. Brenner*, 31 Ill., 511) and they are estopped as against each other from denying her title, she being a common grantor.  *Gossom v. Donaldson*, 26 B. Monroe, 238; *Phelan v. Kelley*, 25 Wend., 389; *Wiswall v. Wilkins*, 5 Vt., 87; *Jackson v. Hinman*, 10 Johns., 292.    Under the lease she was their tenant (*Sherburne v. Jones*, 20 Me., 70), and until her death her possession was their joint possession (*Jackson v. Burton*, 1 Wend., 341), and the character of her children's possession afterwards must be presumed to have been the same as hers.  *Bannon v. Brandon*, 34 Penn. St., 263.    Joseph's heirs could not claim under any but the joint title without first relinquishing possession.  *Phelan v. Kelley*, 25 Wend., 389.

*F. A. Baker* and *Alfred Russell* for defendants in error.  The plaintiffs are barred by the statute of limitations (Rev. Stat. 1846, ch. 139; Comp. L. 1857, ch. 164; Comp. L. ch. 228), which began to run when the death of Catherine Lafferty terminated the life estate.    *Miller v. Ewing*, 6 Cush., 41; *Wells v. Prince*, 9 Mass., 508.

MARSTON, J.  Admitting the doctrine contended for by plaintiffs in error in this case to be correct, viz. : that plaintiffs and defendants claiming title to the premises from a common grantor, must be regarded as admitting the title of the person through whom they thus claim (*Johnstone v. Scott*, 11 Mich., 232), yet there is still a difficulty in the way of the right of plaintiffs to obtain a verdict in this case.  While the rule referred to may be correct and applicable in ordinary cases, and the presumption may be that where a person in possession of premises exercising rights of, and claiming ownership therein, conveys the same, a grantee thereof might be able to maintain ejectment against another claiming title from the same person; yet this cannot be extended to cases where the deed from such common grantor does not purport to convey the entire title, or leaves it uncertain and indefinite what interest was conveyed, without the aid of other testimony which is not furnished.

In this case the deed from Catherine Lafferty to Joseph Campau and Barnabas Campau, through which plaintiffs and defendants claim title, according to plaintiffs' theory of the case, describes the grantor as "formerly Catherine Campau sister of Nicholas Campau deceased, * * of the first part, and Joseph Campau and Barnabas Campau * * brothers of the said Nicholas Campau deceased," and she conveys, quit-claims "all her right, title, interest, share, estate,. claim and demand in law and equity, in possession and in expectancy of, in and to the following lands * * it being hereby intended to include and convey both front and rear concessions, and the same premises particularly described in certain letters patent by the United States to Nicholas Campau, dated Oct. 7th, 1811, * * and in letters patent, U. S. . * * to heirs of Nicholas Campau, dated Sept. 2d, 1840, * * and said Catherine sells, conveys and quit-claims to the said Joseph and Barnabas, all her right, title and interest and estate of, in and to the real estate wheresoever situate, or being, whereof her brother Nicholas died seized, possessed of or entitled to, or which she has inherited or become interested in, by and through said Nicholas." No evidence was introduced showing who were the heirs of Nicholas Campau deceased at the time this conveyance was made or at any other time. Whether Catherine, Joseph and Barnabas were the sole heirs, or whether there were twenty others or any other number, we have no means and the jury had no means of knowing. Nor did it in any way appear upon the trial whether Nicholas Campau died intestate, or whether Catherine inherited any part of his estate, or if a portion, what portion. The evidence was not therefore sufficient to warrant the jury in finding any verdict in favor of the plaintiffs for any particular interest in the lands in dispute. Under such circumstances the court properly instructed the jury to find for the defendants, and the other rulings become immaterial. As the record now stands we think it would not be proper to consider them. The judgment must be affirmed with costs and the record remanded.

The other Justices concurred.