## MOORE *v.* VICKERS.

1. Standing timber is realty.
2. Before one out of possession can maintain an action of trespass for cutting and removing standing timber, he must show himself to be the true owner.
3. Ownership of the timber by the plaintiff is not established by proof that he and the defendant's grantor were asserting independent and conflicting titles to the same land, and that a compromise was effected whereby the plaintiff conveyed to the defendant's grantor the land, reserving to himself the timber thereon.

Submitted March 3,—Decided July 28, 1906.

Trespass. Before Judge O'Steen. City court of Douglas. May 17, 1905.

*Quincey & McDonald* and *Hal Lawson,* for plaintiff.
*L. Kennedy* and *Dart & Roan,* for defendant.

EVANS, J. This was an action of trespass to recover damages for the cutting and removal of timber from a certain lot of land. It appears from the evidence that the plaintiff, E. H. Moore, and one Alison jointly claimed title to the lot of land and that their claim of title was disputed by Archibald McMillan, the grantor of the defendant. In 1892, Moore and Alison on the one part, and McMillan on the other part, entered into an agreement that they would settle the dispute of title by McMillan taking the land and releasing his claim to the timber thereon, which was to belong exclusively to the other claimants. In pursuance of this agreement, the plaintiff and Alison made a conveyance of the lot to McMillan, the deed containing this recital: "But we, the said E. H. Moore and J. R. Alison, reserve all the timber on said lot of land unto ourselves." Subsequently Alison conveyed his interest in the timber to the plaintiff, and McMillan made to the defendant a conveyance to the entire tract of land, without any reservation of timber. On the trial of the case no possession was shown, and the plaintiff relied on the foregoing conveyances and the facts attending their execution as proof of title. Evidence was introduced to show that the cutting of the timber was under authority of the defendant, and its value was shown. The court granted a nonsuit; and the controlling question presented is whether the plaintiff established such title as would permit a recovery by him for the alleged trespass.

The plaintiff in his petition does not allege any claim of title to the land, but declares himself to be the owner of the timber. He charges that the defendant "did enter on the said timber and did cut and remove a part of said timber from the said lot of land." A claim of ownership to growing timber is a claim of ownership to an interest in land. Standing timber is realty. *Balkcom* v. *Empire Lumber Co.*, 91 *Ga.* 651. His complaint therefore is that the defendant has trespassed on his interest in the described realty, and he seeks to recover for the alleged trespass. At common law the true owner of land, if out of possession, could not recover in trespass. Our code (Civil Code, § 3877) changed the rule of the common law on this subject and now the true owner may maintain an action of trespass, though not in possession at the time the trespass was committed. But to bring himself within the statute, he must show he is the true owner, and this he can only do by showing title. *Yahoola Mining Co.* v. *Irby*, 40 *Ga.* 482; *Whiddon* v. *Williams*

*Lumber Co.,* 98 *Ga.* 701. The plaintiff contends that he has shown himself to be the true owner, because the defendant claims title under him. To support his position he relies upon the familiar principle which obtains in ejectment, that, upon proof of a superior title from a common propositus, the plaintiff is relieved of the necessity of deraigning title from the State to the common propositus, where the defendant does not connect himself with a paramount outstanding title. See *Greenfield* v. *McIntyre,* 112 *Ga.* 697-8, and cit. Even if it be conceded that this rule is applicable to cases of trespass, it does not follow that the plaintiff has shown himself by virtue thereof to have been the true owner of the standing timber at the time of the alleged trespass. The rule as to common source of title only applies where each of the contesting titles emanates from the same grantor; it does not apply where the contest is between a grantor who reserves an interest in the land and his grantee, in a case where the burden is on the grantor to show title to the excepted interest. All that can be adduced from the record in this case is that some person, undisclosed, held the title, and that the plaintiff and Alison agreed with McMillan to make a compromise of their conflicting claims, whereby the plaintiff and Alison were to have the timber and McMillan the land exclusive of the timber. By this agreement McMillan did not admit that the other claimants were the true owners of the timber; he was asserting an adverse title and agreed to surrender his claim to the timber under such adverse title if they would make him a conveyance of the freehold with reservation of the timber. This compromise did not amount to an admission that the person under whom the plaintiff and Alison asserted ownership was vested with the entire title, both to the soil and to the growing timber. Nor do the facts appearing in the record create an estoppel on the part of the defendant's grantor, upon which the plaintiff can rely as the equivalent of proof that he is the true owner. A grantee, upon discovery that he has bought an invalid title, may procure the paramount outstanding title from the true owner, and upon so doing will not be estopped from asserting such title in an action of trespass.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*