### 1494, 1495.   GASKINS v. GRAY LUMBER COMPANY, and *vice versa.*

Where in an action of trespass it appears that a named grantor conveyed to the defendant a portion of the standing timber on the land in question, and subsequently conveyed the land and the remainder of the timber to the plaintiff, and that the defendant cut some of the trees not included in the defendant's timber conveyance, and it further appears that there has been no actual possession of the land, the plaintiff, in order to recover for the cutting of the timber not deeded to the defendant, must, under section 3877 of the Civil Code, show legal title to the land or to the timber involved in the suit. While the plaintiff in trespass may generally make a prima facie case by showing that he and the defendant claim under a common grantor, yet this principle is not applicable to the state of facts set out above. The grant of a portion of the timber conveys a distinct estate, separate and apart from the estate conveyed by the grant of the land and the remainder of the timber; and the doctrine of estoppel by reason of claiming under a common grantor applies only when both parties to the action claim title to the same property.

Trespass, from city court of Douglas—Judge Roan. September 24, 1908.

Argued December 14, 1908.—Decided May 18, 1909.

*Hendricks & Christian, W. H. Griffin,* for plaintiff.

*Lankford & Dickerson,* for defendants.

POWELL, J. J. A. Gaskins sued the Gray Lumber Company for trespass; and the trial resulted in a nonsuit, to which exception is taken. The substance of the plaintiff's claim was, that Fisher H. Gaskins conveyed to Timmons, McWhite & Company all the timber suitable for turpentine and sawmill purposes growing on certain lots of land in Berrien county; that Timmons,

McWhite & Company in turn conveyed this timber to the Gray Lumber Company, and that subsequently Fisher H. Gaskins conveyed to the plaintiff the land upon which the timber stood; thereby conveying such timber as was not included in the other conveyance; but, as we gather from the record, the plaintiff does not contend that this conveyance transferred to him any rights in such of the timber as was included in the defendants' timber deed. The plaintiff's contention is that the defendants cut from the lands, after they were deeded to him, certain timber standing thereon not included within the terms of this deed, because it was not suitable for sawmill and turpentine purposes. One branch of this controversy went to the Supreme Court, and in that case the deed under which the defendants claimed the timber was construed. See *Gray Lumber Co.* v. *Gaskins*, 122 *Ga.* 342 (50 S. E. 164). In the present action the plaintiff notified the defendants to produce all the deeds, leases, and other muniments of title by which they claimed the right to cut any of the timber mentioned in the petition, and the defendants produced only the timber deed mentioned above; and this was introduced in evidence by the plaintiff. The plaintiff also introduced warranty deeds from Fisher H. Gaskins to the plaintiff, dated subsequently to the timber deed and conveying the lands upon which the timber was located. It is unnecessary to recite the other evidence in the case, as the foregoing is all of it that relates to the plaintiff's right to recover, so far as his title is concerned. There was no possession of the land, and the plaintiff was required to prove title, in order to recover.

By reason of section 3877 of the Civil Code, the common-law rule, that if the owner of land was out of possession he could not recover in trespass, has been changed, to the extent that the true owner (that is, the person holding the legal title) may maintain an action of trespass, though he was not in possession at the time the wrong was committed; but to bring himself within the statute, the burden is upon him to show that he is the true owner; and this he can do only by showing title. *Yahoola Mining Co.* v. *Irby*, 40 *Ga.* 482; *Whiddon* v. *Williams*, 98 *Ga.* 701 (25 S. E. 770); *Moore* v. *Vickers*, 126 *Ga.* 42 (54 S. E. 814). In the opinion in the case of *Moore* v. *Vickers*, supra, there is the hint of a lurking doubt as to whether the plaintiff could show such a title as would support an action of trespass, by proving that he and the

defendant claimed under a common grantor. However, in the case of *Garbutt Lumber Co.* v. *Wall, 126 Ga.* 172 (54 S. E. 944), decided at the same term of the court, the proposition was definitely stated and announced, that if it be shown that the defendant in the trespass action claims title from the same common grantor as the plaintiff and from no other source, prima facie the plaintiff may recover if his title as derived from the common propositus is the superior; in other words, the admission implied against the defendant by reason of his having taken a conveyance of the property from the plaintiff's grantor is sufficient to cast on the defendant the burden of showing that the title was not in the common grantor at the time he took his conveyance. The estoppel does not seem to be so complete in the case of trespass as in the action of ejectment, where the application of the general doctrine is more familiar.

The question that confronts us, then, is whether, under the facts of the present case the plaintiff and the defendants so hold under a common grantor as to make a prima facie case in behalf of the plaintiff. It will be remembered, from the statement of facts given above, that the defendants claim no title to the land, and hold no conveyance to the land itself, but claim and show a conveyance only to the timber, which, however, is realty, and is a thing that may be conveyed and dealt with as realty, separate and apart from the land itself. *Balcom* v. *Empire Lumber Co.,* 91 *Ga.* 651 (17 S. E. 1020, 44 Am. St. R. 58); *Moore* v. *Vickers,* supra; *Red Cypress Lumber Co.* v. *Beall, 5 Ga. App.* 202 (62 S. E. 1056); *Atlantic Coast Line R. Co.* v. *Davis, 5 Ga. App.* 214 (62 S. E. 1023). The plaintiff, on the other hand, claims no interest in so much of the timber as is included in the conveyance under which the defendants hold. As to the timber which the plaintiff says the defendants cut and damaged, the latter either have no title at all, or else their title is derived from some source independently of the plaintiff's grantor; and since they produced at the trial no conveyance covering the timber in dispute, it will be presumed that they had none. Under these circumstances we do not think the rule as to estoppel by reason of claiming under a common grantor is applicable. There is no contest whatever between this timber deed and the plaintiff's land deed; neither claims superiority over the other as a conveyance of title from Fisher H.

Gaskins, the alleged common grantor. The plaintiff admits the validity of the timber deed, and the defendants admit the validity of the plaintiff's land deed, so far as the regularity of the conveyances is concerned. If the plaintiff claimed any of the timber included within the defendants' conveyance, then the rule would be applicable; but he makes no such claim. The defendants would, if the question arose, be estopped primarily from denying that Fisher H. Gaskins owned the timber which he conveyed them, but Fisher H. Gaskins might have owned the timber which he conveyed the defendants and not have owned the land on which the timber stood. Since the land and the timber, and the land and certain portions of the timber, may be separately owned, it is a non-sequitur to say that because the defendant is required in law to admit that an alleged common propositus owned a portion of the timber, the admission must extend to the fact that he owned the land also and the remaining timber. Almost this same question was involved in the case of *Moore* v. *Vickers,* supra. There the plaintiff himself had conveyed the land to a person named McMillan, and had reserved the timber to himself. McMillan sold the land to the defendant, and the defendant cut the timber which had been reserved. The Supreme Court, speaking of the attempt to apply the doctrine of common grantor, said: "Even if it be conceded that this rule is applicable to cases of trespass, it does not follow that the plaintiff has shown himself by virtue thereof to have been the true owner of the standing timber at the time of the alleged trespass. The rule as to common source of title only applies where each of the contesting titles emanates from the same grantor; it does not apply where the contest is between a grantor who reserves an interest in the land and his grantee, in a case where the burden is on the grantor to show title to the excepted interest." *Moore* v. *Vickers,* supra. It was held, therefore, that the plaintiff did not make out a prima facie case by showing the facts just recited. In the case of Campau *v.* Campau, 37 Mich. 245, it is said: "The doctrine that adverse claimants under a common grantor are estopped from denying their grantor's title does not hold where the grantor's deed does not purport to convey the entire title." The facts of that case make it analagous. in principle to the case at bar.

Suppose, in the case before us, that the alleged common grantor, instead of conveying to the grantees in the timber deed the timber on five lots of land, had conveyed to them two lots, and then had conveyed to the plaintiff the three lots remaining in the tract, and the defendants had, under the deed to the two lots, attempted to cut also the timber on the other three lots. Would it for a moment be contended that the plaintiff could recover by showing the two sets of deeds emanating from the same source to these parts of the same tract, and by showing, either inferentially or directly, that the defendants claimed the right to cut the timber on the plaintiff's three lots by no other right than the deed to the two lots? To allow such a recovery would be to overthrow a proposition well established in the law, that where the land is in the actual possession of no one, the trespasser is amenable for the damages only to him who can show the title. The timber and the right to cut it are as distinct entitities, in the sense in which we are now talking about these things, as would be the two separate parts of a tract of land. We have made a somewhat exhaustive search for authorities upon this question, and we have found no case which militates against the proposition here asserted; while the case of *Moore* v. *Vickers,* supra, from our own State, and the Michigan case cited above both seem to support the principle fully. We are led to the conclusion, therefore, that the court did not err in granting a nonsuit on account of the failure of the plaintiff to show such a title to the property sued for as would support the action.

We have discussed the question as if the plaintiff's action sounded in trespass, because counsel have ably argued the case as if it were such an action. It may be, however, that, properly construed, the suit is one in trover for timber cut and carried away. Such a cause of action we construed the petition as asserting in the case of *Milltown Lumber Co.* v. *Carter,* 5 *Ga. App.* 344 (63 S. E. 270). It will be readily seen, however, that the doctrine we have announced above is clearly applicable whether this suit is in trover or in trespass; for the plaintiff's title to the timber he is suing for depends upon his title to the land in either event.

*Judgment on main bill of exceptions affirmed; cross-bill dismissed without prejudice.*