## 20453. POPE v. SHIPP, administrator.

BELL, J. 1. "Before one out of possession can maintain an action of trespass for cutting and removing standing timber, he must show himself to be the true owner." *Moore* v. *Vickers*, 126 *Ga.* 42 (2) (54 S. E. 814).

2. In an action of trespass for the cutting and removal of certain kinds of timber situate upon a specified tract of land, as "oak, gum, and poplar,"

the plaintiff does not show title to the timber thus in controversy merely by proof that he had sold to the defendant the "pine and cedar timber" upon the same tract, which the defendant had proceeded to cut and remove in accordance with the lease. *Gaskins* v. *Gray Lumber Co.*, 6 *Ga. App.* 167 (64 S. E. 714).

3. While the evidence in the instant case would have authorized the inference that the timber in controversy was removed from the tract of land described in the timber lease, and there was also introduced in evidence a deed executed by a third person and purporting to convey to the plaintiff's intestate the greater portion of the same land, it affirmatively appeared from the documents that the two tracts were not identical, and that the timber lease embraced other lands than those described in the deed. It follows that proof merely that timber was cut and removed from the tract described in the lease was insufficient to show a trespass upon lands or timber described in the deed. Moreover, the mere introduction in evidence of this deed, without any proof of possession thereunder, would not have established title in the plaintiff's intestate to the lands or the timber described therein. *Parker* v. *Waycross & Florida R. Co.*, 81 *Ga.* 387 (2 c) (8 S. E. 871); *Bleckley* v. *White,* 98 *Ga.* 594 (3), 598 (25 S. E. 592).

4. Under the foregoing rulings, the evidence in the instant case was insufficient to show title in the plaintiff's intestate, and there being no evidence of possession of the timber in controversy, the verdict for the plaintiff, awarding damages for the cutting and removal of the timber, was unauthorized. The court erred in refusing a new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JANUARY 15, 1931.

*W. A. Slaton,* for plaintiff in error. *Earle Norman,* contra.