HARRELL et al. v. STOREY, administrator, et al.

No. 8725.   AUGUST 15, 1932.   REHEARING DENIED SEPTEMBER 23, 1932.

*McCutchen & Bowden,* for plaintiffs in error.

*George C. Palmer, Neill & McGee,* and *Foley & Chappell,* contra.

RUSSELL, C. J. J. H. Milner died intestate, and Storey and others as administrators filed this petition praying for direction in the administration of the estate, and for a proper construction of section 3931 of the Civil Code of 1910. J. H. Milner was never married. He survived both his parents, and his brothers and sisters. The brothers died without issue. The two sisters were Mrs. A. C. Jordan and Mrs. Sarah Milner Moon, both of whom were survived by children and grandchildren at the time of the death of the intestate. Mrs. Jordan was the mother of three children, who were a nephew and nieces of the intestate. Mrs. Moon had nine children, likewise his nieces and nephews. O. H. Jordan, one of the nephews of the intestate, died, leaving six children who are grandnieces and grandnephews of the intestate. Three of Mrs. Moon's children died, to wit: B. H. Moon, Georgia Moon Grant, and Sallie Moon Reynolds. The other six Moon children are still in life. The three children of Mrs. Moon who died had in all

eight children between them, Mrs. Sallie Moon Reynolds having left four children, and Mrs. Grant and B. H. Moon being survived by two children each. The question submitted to the trial court is whether the estate of the intestate should be divided among these collateral heirs per stirpes or per capita. There were no issues of fact, and by consent of parties the issues of law were submitted to the presiding judge, who decided that the division should be per capita. To this judgment the plaintiffs in error excepted.

Civil Code § 3931, so far as that section relates to the rights of inheritance of brothers and sisters of a deceased person, is as follows: "Brothers and sisters of the intestate stand in the second degree, and inherit, if there is no widow, or child, or representative of child. The half-blood on the paternal side inherit equally with the whole-blood. If there be no brother or sister of the whole or half-blood on the paternal side, then those of the half-blood on the maternal side shall inherit. The children or grandchildren of brothers and sisters deceased shall represent and stand in the place of their deceased parents, but there shall be no representation further than this among collaterals." In this case, while the intestate had brothers, they left no issue, and he survived them. He had two sisters, Mrs. Moon and Mrs. Jordan, whom he also outlived. One of these sisters had three children, and the other was the mother of nine, and the question is whether the first division of the estate shall be into twelve equal parts, or whether the estate shall be divided into two parts, one representing Mrs. Moon and the other Mrs. Jordan, each of whom were sisters of the intestate, and thereafter divided per stirpes, the part of Mrs. Jordan being divided between her three children, two portions thereof going to her living children and the third part being distributed per stirpes to the children of her deceased child, and the one-half of the estate representative of the interest of Mrs. Moon likewise divided into nine portions, six to go to the grandnieces and grandnephews who are living, and the other three each to be divided per stirpes and allotted to Mrs. Moon's grandchildren. The court below held that the distribution should be per capita, that the nephews and nieces were entitled to have the estate divided into twelve portions, without regard to the fact that the heirs of Mrs. Jordan would receive only three shares or one fourth, and the heirs of his sister Mrs. Moon would receive nine shares, or three fourths of the estate. The plain-

tiffs in error contend that under a proper construction of the 5th paragraph of § 3931 the administrators should have been directed to divide the estate into two equal parts, one representing Mrs. Moon and one representing Mrs. Jordan, and then subdivide each of the 2 shares per stirpes between the heirs of Mrs. Moon and Mrs. Jordan respectively.

The portion of paragraph 5 of § 3931 which is applicable to the case at bar is as follows: "The children or grandchildren of brothers and sisters deceased shall represent and stand in the place of their deceased parents." In applying this code section specifically to the facts of this case, it will be noted that "The children . . of . . sisters deceased shall represent and stand in the place of their deceased parents." Omitting, for the present, reference to grand-children, it would seem plain that the first purpose of paragraph 5 of § 3931 is to allocate brothers and sisters of an intestate and declare that they stand in the second degree to a deceased person if he leaves no widow, or child, or representative of child. But the next intention of the lawmakers in the portion of the paragraph now under consideration was to make a rule where there were no broth-ers and sisters, as in this case. So the section proceeds to say that children or grandchildren of brothers and sisters deceased shall rep-resent and stand in the place of their parents. This would seem to require that the distribution be per stirpes as between the chil-dren or grandchildren of deceased sisters. There would be no use to declare that children or grandchildren should represent and stand in the place of their deceased parents if the distribution were to be per capita, because they would then be equally representative of their equal relationship to the intestate. In the case before us, all twelve of the nieces and nephews (whether children of Mrs. Jordan or of Mrs. Moon) are equally related to J. H. Milner, their uncle. But the statute says that these children or grandchildren of the sisters deceased "shall represent and stand in the place of their de-ceased parents." Now certainly Mrs. Jordan's children can not represent and stand in the place of Mrs. Moon, and Mrs. Moon's children can not represent or stand in the place of Mrs. Jordan. To represent the parent in an inheritable and distributive sense, one must be the next of kin of the person whom they represent and stand in the place of; and while representing and standing in the place of Mrs. Jordan, her children would be her next of kin and would be

qualified to represent her and stand in her place; but Mrs. Moon's children would not be the next of kin of Mrs. Jordan, and therefore could not represent her or stand in her place. They would be her nieces and nephews, while her children would be her children. What has just been said applies with equal force to Mrs. Moon, in that Mrs. Jordan's children could not represent her under the rule stated and stand in her place in the distribution.

The defendants in error insist that the ruling of the court should be controlled by the opinion in *Houston* v. *Davidson,* 45 *Ga.* 574, and that the distribution of this estate should be per capita. In that case it was said: "By the settled rule for the construction of the act [English statute], if the brothers and sisters be all dead at the death of the intestate, the next of kin take per capita. The doctrine of representation only comes in when a portion only of the brothers or sisters have died leaving children, . . and this is a very reasonable and proper construction. So by our law, up to 1859, representation among collaterals did not extend further than to the children of brothers and sisters; and had the intestate died before 1859, the distribution would have been per capita among the living nephews and nieces alone, since there were no uncles or aunts." In discussing the effect of the act of 1859, this court said: "We do not think, therefore, it was intended to change the manner in which the nephews and nieces were to take, but only to provide that the grandchildren of a brother or sister should take their father's share; that they should be let in, even though all of the class next above them in the scale should not be dead. We think, therefore, the true rule under the act of 1859, and of the Code, is that the grandchild of a brother or sister shall simply stand in his father's place; that the estate shall be distributed as though his father were living, and he shall represent him. If the nephews and nieces be all dead, then the distribution is per capita, no matter who takes. But if any of them be living, it is distributed as though they were all living, the children of each one deceased standing in place of the parents."

In this case were two nieces of the intestate, children of his sister, Mrs. A. C. Jordan, who were living at the time of his death, and six nieces and nephews who were the children of Mrs. Sarah Moon, who were also living. All of the nieces and nephews were not dead; so the statement in the *Houston* case that "the distribution is per capita, no matter who takes," does not apply; for this rule

is only applicable where "the nieces and nephews are all dead." Under that decision, if any of them be living (and several are living in the case at bar) it is distributed as if they were all living, the children of each one deceased standing in place of the parent. Under the conclusion reached by the court which is pertinent to the facts of this case, we are of the opinion that under our rules of distribution as provided in Code § 3931, the administrator should first divide the estate in two parts, represented by Mrs. A. C. Jordan and Mrs. Sarah Moon, sisters of the intestate. Then the one half going to the descendants of Mrs. Jordan should be divided into three parts, and two of these parts should go to the living nieces of the intestate, children of Mrs. Jordan, and the third part should go per stirpes to the dead nephew of the intestate. Likewise the other half of the estate should be divided into nine shares, of which six should go to the six Moon children still in life. The three Moon children who had died left eight children; and as all of the children of Mrs. Moon did not die, the three children who have died should be represented by their respective children, which would result in the division of one of the three parts belonging to the children into four parts, as representative of Mrs. Sallie Moon Reynolds, one part into two parts, as representing Mrs. Grant, and one part into two parts, as representing Mrs. B. H. Moon.

The decision in *Houston* v. *Davidson*, supra, is not authority in this case. That decision was reviewed in *Rhodes* v. *Williams*, 143 *Ga.* 342 (85 S. E. 105), and the scope of the decision was pointed out by Mr. Justice Lumpkin, who said: "In *Houston* v. *Davidson*, 45 *Ga.* 574, it was held that the provision of the act of 1859 that representation among collaterals should extend to the children and grandchildren of brothers and sisters was so far applicable to the law which allowed inheritance from a bastard by his brothers and sisters, or, if they be dead, by their children, as to extend the representation among bastards to children and grandchildren of brothers and sisters inheriting from an illigitimate. That decision was dealing only with the distribution of the estate of an illegitimate child, and the right of representation under the law covering that subject. It was not dealing with the distribution of the estate of a legitimate child, or any claim to inheritance from him by an illegitimate descendant of his sister or brother. As any right to claim under Marshall Jr. must rest upon his having been legitimate,

or having been legitimated by the act of 1866, and thus having inherited the property from Marshall Swearengen Sr., the case is not one involving inheritance by one illegitimate child, or his children or grandchildren, from another. Accordingly, that decision does not control this case." It is very plain that the decision in the case of *Houston* v. *Davidson,* supra, is confined to its particular facts. The language of the code section is so clear that it can only be construed to mean what it says. As related to both children and grandchildren of a brother or sister of an intestate, the division must be per stirpes, the children as representing the respective deceased sisters in this case, and the grandchildren as representing the deceased nephews or nieces who may have died. We are therefore of the opinion that the court erred in its judgment of distribution. The inheritance should first be divided into two shares, one representing Mrs. Moon and one representing Mrs. Jordan, and then each respective share subdivided among the heirs of each, the respective share of each of the nieces or nephews to fall to the niece or nephew, if living; and if any niece or nephew dies leaving children, these children are entitled to the share of his respective parent. The court erred in rendering the judgment distributing the estate of the intestate among his heirs per capita instead of per stirpes. *Judgment reversed. All the Justices concur.*