SINCLAIR *v.* FRIEDLANDER *et al.*

No. 14837. MAY 3, 1944. REHEARING DENIED JUNE 9, 1944.

*Hoyt H. Whelchel,* for plaintiff.

*J. O. Gibson* and *Waldo DeLoache,* for defendants.

GRICE, Justice. In the absence of proof that the plaintiff was in possession, it was an essential part of his case to show at least prima facie that he owned the land the trespass on which he sought to enjoin. The answer denied the averment of title. The plaintiff showed neither possession nor title; but insists that he was relieved of the necessity of proving title since it was made to appear that he and the defendant claimed under a common grantor. The facts forming the basis of that contention are these: After a considerable body of land had been subdivided, Mrs. Ola Williams held deeds to certain of the tracts which were laid out therefrom, and which were afterwards claimed by Sinclair and Friedlander, respectively. Mrs. Williams's deed included tract number 9 and certain other tracts which she conveyed to S. S. Williams, who conveyed them to Sinclair. Friedlander is a direct grantee of Mrs. Williams. The Friedlander and Sinclair deeds cover different properties, both of which, however, were contained in the conveyance into Mrs. Williams.

The Code, § 33-101, reads as follows: "A plaintiff in ejectment must recover on the strength of his own title, and not on the weakness of the defendant's title. Where both parties claim under a common grantor, it is not necessary to show title back of such common grantor." The subject-matter of this section as a codification first appeared in the Code of 1895 as section 5004. The first sentence therein was codified from the decision of this court in *Hitch* v. *Robinson,* 73 *Ga.* 140; the latter sentence, from *Harrison* v. *Hatcher,* 44 *Ga.* 638. The section contains two hoary principles of ejectment law. In the last-cited case, after ruling that when in an action of ejectment it appears that both parties claim title from the same person, it is not necessary to show title further back than to the common grantor, the opinion states that nothing is better settled than this proposition. In that case, both parties claimed the same property. In the case at bar, it is different property. When a section of the Code has been codified from a decision of

this court, it will be construed in the light of the source from which it came, unless the language of the section imperatively demands a different construction. *Calhoun* v. *Little,* 106 *Ga.* 336 (32 S. E. 86, 43 L. R. A. 630, 71 Am. St. R. 254); *Davis* v. *First National Bank of Blakely,* 139 *Ga.* 702 (78 S. E. 190, 46 L. R. A. (N. S.), 750), and cases there cited. Under this rule of construction, it could be said that our Code section on this subject means that the principle there stated is to be applied in those cases where both parties to the suit claim the same property. Another pertinent rule is that a section of the Code, not of statutory origin, is to be construed merely as a codification of existing law, unless there be words in the section which manifestly demand a construction that would change the rule in force at the time the Code was adopted. *Mitchell* v. *Georgia & Alabama Ry.,* 111 *Ga.* 760 (36 S. E. 971, 51 L. R. A. 622); *Wilensky* v. *Central of Georgia Ry. Co.,* 136 *Ga.* 889, 891 (72 S. E. 418, Ann. Cas. 1912D, 271). As was said by the Court of Appeals in *King* v. *Seaboard Air-Line Ry.,* 1 *Ga. App.* 88, 93 (58 S. E. 252), after referring to certain reciprocal obligations imposed upon the master and servant by the contract of employment as being "tersely set forth" in certain sections of the Code: "These code-sections are not statutory in origin, but are merely declaratory of the general law as it previously existed and must be construed accordingly. The fact of their being codified into the written law does not add to them any quality of exhaustiveness, but still leaves them to be construed in accordance with all the various exceptions, qualifications, and extensions to which the principles announced therein were subject before they were placed in the Code." As illustrative of the soundness of the quoted statement, it is to be observed that the Code, § 105-110, reads as follows: "A person who owns or keeps a vicious or dangerous animal of any kind, and who, by careless management of the same, or by allowing the same to go at liberty, causes injury to another who does not, by his own act, provoke the injury, shall be liable in damages to the person so injured." That section contains a broad statement as to the liability of the owner, with no mention of any knowledge on his part of the vicious character of the animal. In *Harvey* v. *Buchanan,* 121 *Ga.* 384 (49 S. E. 281), after dealing with and quoting the section, it was held: "This is but a restatement of the common law, and at common law in order

to support such actions it was necessary to show, not only that the animal was vicious or dangerous, but also that the owner knew this fact. The scienter was the gist of the action." This court decided that the plaintiff could not recover, because a certain fact was not shown, although the Code section was silent as to the necessity of its being shown. See also *Friedman* v. *Goodman,* 124 *Ga.* 532, 535 (52 S. E. 892). Still another canon of construction applicable here is that when the Code section is a mere codification of the general law, and is not of original legislative enactment, decisions of other courts as well as our own may be looked to. *Bush* v. *McCarty Co.,* 127 *Ga.* 308, 310 (56 S. E. 430, 9 Ann. Cas. 240).

Oftener than otherwise, the text-books dealing with the principle, that where both parties claim under a common grantor, it is not necessary to show title back of such common grantor, in immediate connection therewith lay down the rule that "in such event, in order to insure a recovery it is only necessary for the plaintiff to show that he has a better title from the common source." Warvelle on Ejectment, §§ 264, 266. Newell, in his treatise on Ejectment, page 580, Chapter 16, § 3, puts it this way: "As both parties admit the title to have been in the common source, they can not be heard to deny it or to fortify it by evidence on the trial. The party having the stronger or best claim of title from the common source as a starting point, must prevail." In 18 Am. Jur. 34, § 33, the same propositions are thus stated: "It is a well-established principle in the law of ejectment that where both parties to an action claim title from the same third person, each is estopped to deny the validity of the title of such third person, and the one having the better title deraigned from the common source must prevail." The annotation in 7 A. L. R., 860, to the case of *Jennings* v. *Marston,* 121 Va. 79 (92 S. E. 821), begins with stating the general rule in the identical language above quoted. In *Wallace* v. *Jones,* 93 *Ga.* 419 (21 S. E. 89), it was said: "Nor was there any error in making the comparative strength of the plaintiff's title and the defendant's title the ultimate test of whether there should be a recovery or not." It is perhaps not too broad a statement to declare that the only instance where a party can invoke the rule as to the non-necessity of proving title when he and his adversary claim under a common grantor is in a case

where the test is, who has the better title to the same property from the common source? In Powell on Actions for Land, 476, § 362, note 10 is as follows: "A case of holding under a common grantor does not arise unless both parties claim the same property from the alleged common grantor. Thus, if A deeds to B the east half of a lot of land and to C the west half, neither B nor C is estopped from denying the title of A to the half lot conveyed to the other. Again, if A deeds to B the timber on certain lands and to C the land excepting the timber, B is not estopped from denying A's title so far as the land is concerned, and C is not estopped from denying his title so far as the timber is concerned. *Moore* v. *Vickers*, 126 *Ga.* 42, 44; *Gaskins* v. *Gray L. Co.*, 6 *Ga. App.* 167."

In Jennings *v.* Marston, supra, may be found this pronouncement: "The rule rests upon the principle of estoppel, the defendant not being allowed the inconsistency of claiming both under and against the same title. But the inconsistency must be actual and substantial; and when it affirmatively appears, as we shall see it does in this case, that the real dispute is as to the location of a boundary line between two distinct tracts, one of which the common grantor derived from one source and conveyed to the plaintiff, and the other of which he derived from another source and conveyed to the defendant, there is no inconsistency, and therefore no estoppel to prevent the defendant from denying that the plaintiff's grantor had title to the land in dispute."

The identical question seems to have been ruled by the Supreme Court of Alabama in Butt *v.* Mastin, 143 Ala. 321 (39 So. 217), from which we quote: "We think the rule as to common source applies to the land involved in this suit, and that a claim from a common source is not established by showing that defendant claims title to a part of a subdivision, of which the land in controversy is a part, but is distinct from the portion claimed by the defendant; and it makes no difference that the grantor set up as the common source acquired title to the entire subdivision, of which the defendant's parcel is a part, by a single conveyance." As persuasive of the correctness of this view, see *Moore* v. *Vickers*, 126 *Ga.* 42 (54 S. E. 814); *Willie* v. *Hines-Yelton Lumber Co.*, 167 *Ga.* 883 (4) (146 S. E. 901); and the well reasoned case of *Gaskins* v. *Gray Lumber Co.*, 6 *Ga. App.* 167 (64 S. E. 714), where it was held that the principle, that where both parties claim under a

common grantor, it is not necessary to show title back of such common grantor, is applicable only where both parties to the action claim title to the same property.

Counsel for the plaintiff in error rely on the case of *Walton* v. *Sikes*, 165 *Ga.* 422 (141 S. E. 188), as supporting his contention that both the plaintiff and the defendant are shown to claim under a common grantor. The clause in division 6 of the opinion, that "as both parties claim title under King, it was unnecessary for the plaintiff to show title back of King, *for two reasons*" [italics supplied], standing alone, or in connection with the sentence immediately following it, lends color to the contention. When, however, it is read in connection with the facts of the case, it will be seen that the learned Justice did not mean for the court to hold generally that the principle referred to would be applicable where both parties claimed different property. This is true for the reason that, after citing a Code provision (now § 39-1305) to the effect that ordinarily a purchaser at a judicial sale shall not be required to show title deeds back of his purchase, he adds: "So as both parties claim under a common grantor, both under a sheriff's deed, it was not necessary for the plaintiff to show title back of J. Cheston King." We are further strengthened in our view as to what was really decided in the case last cited by what appears in division 4 of the opinion therein. After holding, as against a demurrer, that the petition showed a common source of title, it being alleged not only that the party claiming lot 7 and the party claiming lot 8 each held under Gardner, as well as under King, by McCurdy, sheriff, the writer of the opinion observed: "If this ground had been urged against paragraph six, which alleges that the parties claim title under W. A. Gardner as a common grantor, another question would be presented for decision."

Able counsel for the plaintiff in error also rely on *Barfield* v. *Birrick*, 151 *Ga.* 618 (108 S. E. 43), and insist that the identical question raised in that case is presented in the instant case, though in a different manner, and that the conclusion reached in the present case is in direct conflict with what was there decided. The last sentence in the first headnote of *Barfield* v. *Birrick* is as follows: "Nevertheless, where it appears that the plaintiff and the defendant are coterminous owners and that both derive title from a common grantor, it is not erroneous for the court to instruct the

jury that the question resolves itself into one of boundary, and to fail to instruct them that the plaintiff in order to recover must show title in himself to the premises." Furthermore, the corresponding division of the opinion in that case contains the sentence that, "It will thus be seen that both the plaintiff and the defendant claim under the will of Mrs. Lockett as common grantor." The decision is not an authority, however, for the proposition that the plaintiff is relieved from the necessity of showing title when both parties claim different property, although both parties claim under a common grantor. *Barfield* v. *Birrick* involved no such issue of law, nor under the facts could that case have been differently decided by this court, even without giving consideration to that portion of the first headnote which contains the statement that both derive title from a common grantor, or to the sentence in the opinion above quoted. An inspection of the original record on file in the clerk's office shows that both parties and their predecessors in title had been for years in actual possession of adjoining tracts, and there were no conflicting claims except the one as to the location of the dividing line between the two. Such being shown, the plaintiff and the defendant were coterminous owners, and it was not erroneous to instruct the jury that the question resolved itself into one of boundary, regardless of whether or not they both claimed under a common grantor. What was said in the headnote and in the opinion as to claiming under a common grantor was therefore unnecessary to a decision of the case, which on its facts was correct for other reasons. In giving the history of the title, and of the possession and actual cultivation by the coterminous owners of their respective portions of the plantation once owned by Mrs. Lockett, it may not have been inappropriate to refer to her as a common grantor, since the only issue was as to the boundary of the two portions of her plantation which had been devised to the predecessors in title of the present claimants.

We are satisfied that, since the plaintiff was claiming one tract, and the defendant was claiming another, the plaintiff was not relieved of the necessity of proving title merely because the parties have deeds to the two tracts claimed by them respectively, their claims of title going back to a common grantor who herself was a grantee in a prior deed covering both tracts.

804

We are of the opinion that the nonsuit was properly granted for the reason that the plaintiff showed no title.

*Judgment affirmed. All the Justices concur.*