## 34780.  SMITH *v.* STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

DECIDED DECEMBER 2, 1953.

*J. T. Thomasson*, for plaintiff in error.

*Raymond W. Martin, Dunaway, Howard & Embry*, contra.

FELTON, J.  The plaintiff sought to introduce a bill of sale on the automobile in question executed to it by J. O. Wallace. However, the court excluded this document from evidence because of insufficient description of the automobile contained therein.  The only evidence dealing with the transaction between the plaintiff insurance company and Wallace was his testimony that he sold the automobile to the insurance company for $1,800.

The principal issue in a trover action is one of title, possession at the time of conversion, or right of immediate possession. *Livingston* v. *Epsten-Roberts Co.*, 50 *Ga. App.* 25 (1) (177 S. E. 79); *Page* v. *Moxley*, 28 *Ga. App.* 620 (112 S. E. 731).  In the instant case the plaintiff did not show title to the property sued for by virtue of a valid written bill of sale.  The owner, Wallace, did not have possession of or dominion over the property, and

therefore could not transfer title thereto to the plaintiff by delivery, actual or constructive. *Livingston* v. *Anderson & Son*, 2 *Ga. App.* 274 (58 S. E. 505) ; *Continental Trust Co.* v. *Bank of Harrison*, 162 *Ga.* 758 (134 S. E. 775) ; Code § 96-107. Neither did the plaintiff show possession of the property at the time of the alleged conversion. Any right of immediate possession of the property which the plaintiff might have had under the facts of this case would have depended on its showing title thereto; and having failed to show title in itself, the plaintiff failed to show a right of immediate possession. Assuming that the plaintiff may have had equitable title to the property sued for, equitable title less than perfect equitable title cannot be the basis for a trover action. *Bush* v. *Smith*, 77 *Ga. App.* 329 (48 S. E. 2d 582) ; *Mitchell* v. *Georgia & Alabama Ry.*, 111 *Ga.* 760 (36 S. E. 971) ; *Delaney* v. *Sheehan*, 138 *Ga.* 510 (75 S. E. 632) ; *Gaskins* v. *Gray Lumber Co.*, 6 *Ga. App.* 167 (64 S. E. 714). The plaintiff failed to establish its right to recover either a property or a money verdict for the property. *Harrell* v. *Lister*, 29 *Ga. App.* 150 (114 S. E. 77).

Upon direction the jury returned a verdict for "$1,800 as principal and the sum of $267.75 as interest." This verdict is too uncertain to be upheld, because it is not apparent whether the verdict represents damages with interest or highest proved value of the property plus interest. *Drury* v. *Holmes*, 145 *Ga.* 558 (89 S. E. 487) ; *Beavers* v. *Magid*, 56 *Ga. App.* 272 (192 S. E. 497).

The court erred in directing a verdict for the plaintiff and in denying the motion for new trial.

*Judgments reversed. Sutton, C. J., and Quillian, J., concur.*