35395. BAGBY *et al* v. GROGAN *et al.*

DECIDED NOVEMBER 19, 1954—REHEARING DENIED DECEMBER 8, 1954.

*H. G. Vandiviere, Wheeler, Robinson & Thurmond,* for plaintiffs in error.

*Maddox & Maddox,* contra.

FELTON, C. J.   The only question to be decided is whether the two children of the brother, H. J. Grogan, inherit half of the estate of William G. Grogan, and the eight children of M. C. Grogan inherit half of the estate (distribution per stirpes), or whether each niece and nephew inherits a one-tenth interest (distribution per capita).   Before the case of *Harrell* v. *Storey,*

175 *Ga.* 569 (165 S. E. 554), a full-bench decision, it seems certain that the common law and court law was that, where all of the brothers and sisters were dead, the inheritance by nieces and nephews was per capita. *Houston* v. *Davidson*, 45 *Ga.* 574. It was held in the *Harrell* case that the *Houston* case did not apply to the facts in the *Harrell* case. The same question decided in the *Houston* and *Harrell* cases was before the Supreme Court in *Williams* v. *Trust Co. of Ga.*, 185 *Ga.* 643 (196 S. E. 74), where the court followed the common law and the *Houston* case as controlling. Whether the *Harrell* decision so devitalized the *Houston* case to such an extent that the three-judge decision in the *Williams* case could circumvent the *Harrell* case and apply the *Houston* case seems to us to be unimportant in view of the fact that the General Assembly adopted the 1933 Code almost two years after the *Harrell* case was decided. The codifiers of that Code added to Code § 113-903 (5) the last sentence of that section and indicated the *Houston* case as the source of its authority. "Where a section of the Code has been codified from a decision of this court, it will be construed in the light of the source from which it came, unless the language of the section imperatively demands a different construction." *Calhoun* v. *Little*, 106 *Ga.* 336 (3) (32 S. E. 86, 43 L. R. A. 630, 71 Am. St. R. 254). "Another pertinent rule is that a section of the Code, not of statutory origin, is to be construed merely as a codification of existing law, unless there be words in the section which manifestly demand a construction that would change the rule in force at the time the Code was adopted." *Sinclair* v. *Friedlander*, 197 *Ga.* 797 (30 S. E. 2d 398). We think that, under any conceivable theory, the last sentence in Code § 113-903 (5) is now the law of this State. If the *Harrell* case did not overrule or destroy the *Houston* case, the Code section codifies the law stated in the *Houston* case. If the *Harrell* case did overrule or destroy the *Houston* ruling, the codifiers and the General Assembly, presumably having in mind both the *Houston* and *Harrell* cases, not only stated the law to be that as ruled in the *Houston* case, but actually indicated by a citation of the *Houston* case in the very Code section itself that it was the source of the law stated and so put words in the section which manifestly demand a construction that changed the law as stated in the

*Harrell* case. As tempting as it is to do so, we shall not repeat or paraphrase the reasoning and authorities in the *Williams* case. The *Williams* decision is so thorough and so sound that it does not need any additional support from us. It might be well just to call attention to the fact that the *Houston* case decided two questions, both of which were necessary for the decision of that case. One of them was the question raised in this case. There the court said: "if, at the death of an intestate, the brothers and sisters be all dead, their children take per capita, and not per stirpes, *just as do legitimates under the same circumstances."* (Italics ours.) See *Williams* v. *Trust Co. of Ga.,* supra, pages 649-650.

The act of 1931 (Ga. L. 1931, pp. 114-115) has no relevancy to the question here involved for the reason that such act dealt exclusively with amending paragraph 5 of § 3931 of the Civil Code of 1910 so as to eliminate the inequalities between the inheritance of the intestate's brothers and sisters of the half blood on the maternal side and the inheritance of the intestate's brothers and sisters of the half blood on the paternal side.

The court did not err in appointing H. Jack Grogan as administrator.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*