40776. SMITH'S NEW & USED CARS, INC. v. SAFEGUARD INSURANCE COMPANY.

DECIDED SEPTEMBER 30, 1964.

386

*Martin, Snow, Grant & Napier, T. Baldwin Martin, Jr.,* for plaintiff in error.

*Anderson, Walker & Reichert, David A. Handley,* contra.

FELTON, Chief Judge. It is necessary to decide only one question in this case, the answer to which disposes of the defendant's motion for a judgment notwithstanding the verdict and its motion for new trial. The contention of the plaintiff in the trial court is that it owned the title and right of possession to the property involved. The evidence showed that the property was owned on December 8, 1960, by Jerry D. Stone; that the automobile was stolen from Jerry D. Stone on December 7, 1960, and that on February 2, 1961, the insurance company paid to Jerry D. Stone the sum of $2,750, the agreed value of the automobile, the payment being made by virtue of an insurance policy against theft issued to said Stone by the insurance company. The evidence further showed that said Stone executed an instrument showing a sale of the property by Stone to the insurance company; that the automobile was bought by the defendant in the trial court which had disposed of the property by selling it to one of its customers. The evidence showed further that at the time Stone sold the property to the insurance company he did not have possession of it, either actual or constructive. The only question in the case is whether the instrument delivered by Stone to the insurance company was the equivalent of a bill of sale conveying the title to the property to the insurance company. The trial judge held that this instrument was a written conveyance of the title of the automobile from Stone to the insurance company. We can not agree with this conclusion. The written agreement in question shows in the left-hand corner "Car Invoice." In the center of the instrument at the top are the following words: "Stone Pontiac GMC" (the trade name of Mr. Stone). Under that is "Pontiac-GMC-Sales-Service, P. O. Box 278, Telephone Wal 7-2941. Centre, Alabama." Just below the above appears the following: "Sold to: Safeguard Insurance Co.; Date: 2-1-61, Address: Hartford, Connecticut, Make: Pontiac, Model: 1960 4-Dr. Bonneville, Used, Serial No.: 860 D 1541, Engine No.: 860 D 1541." In the body of the instrument there appears: *"Wholesale*—Car stolen, Loss paid by Insurance

Co." In the right-hand lower part there appears: "Cash on delivery—Check $2,750.00, Total $2,750.00." The contention by the insurance company that this document is a bill of sale is without merit. The document is nothing more than an invoice, it is unsigned, and it can not be said that Mr. Stone's trade name at the top of the page was intended as a signature to the instrument. "An invoice is merely another term for bill rendered, a list of goods sold and the prices charged for them; it is neither a bill of sale, nor evidence of a sale, and, standing alone furnishes no proof of title." Greis v. Fidelity &c. Co., 19 FSupp. 480. See also definition of "invoice" in Black's Law Dictionary, 4th Edition. It was conceded by both parties on the oral argument of this case that the insurance company did not have a perfect equitable title to the property. The sole contention of the insurance company was that it acquired the legal title to the property by virtue of the instrument above referred to, which the insurance company contended was a written transfer of title.

In view of our ruling to the effect that the instrument relied on is not a bill of sale, this case is controlled by *Smith v. State Farm Mut. Auto. Ins. Co.*, 89 Ga. App. 292 (79 SE2d 7). Since the insurance company did not show written evidence of title to the property and did not show that Stone transferred to it in any way actual or constructive possession of the property, a verdict for the defendant in the trial court was demanded. Cases cited to the effect that instruments may be legally signed by typewriter, rubber stamp, etc., are not relevant since there is nothing from which a jury or court can say that the instrument was intended to be signed in any way. The court erred in overruling the motion of Smith's New & Used Cars, Inc., for a judgment notwithstanding the verdict and erred in overruling said party's motion for a new trial on the general grounds. It is not necessary to rule on the special grounds of the amended motion for new trial. The judgment overruling the motion for judgment notwithstanding the verdict is reversed with direction that the court enter a judgment in accordance with the motion.

*Judgments reversed with direction. Frankum and Pannell, JJ., concur.*